THE BOARD OF EDUCATION OF THE CITY OF PERRY VS. J. L. HARALSON, *Treasurer of P County.*

1. Section 15, art. 3, chap. 73, laws of 1893, repeals § 50, art. 59, chap. 25, of the Crimes Act, relating to the disposition of fines, forfeitures and pecuniary penalties.

2. All monies collected from fines, forfeitures and penalties under the provisions of the Crimes Act, constitute a county school fund and must, when collected by the county treasurer, be placed in such fund.

*Application for Peremptory Writ of Mandamus.*

*C. H. Wynn,* for plaintiff.

*S. H. Harris,* for defendant.

The opinion states the facts and was delivered by

DALE, C. J.: This is an original proceeding, brought by plaintiff against the defendant, for the purpose of procuring from this court a peremptory writ of *mandamus* upon the county treasurer of P county, compelling that officer to credit to the school fund of P county

certain monies received by the treasurer from fines, penalties and forfeitures in criminal cases.

The plaintiff filed a motion in this court, after notice to defendant, and the hearing was had upon the application of plaintiff.

All objections as to the form and manner of presenting the application are waived and the sole question before us is the proper disposition of the fund arising from fines, penalties and forfeitures.

An agreed statement of facts is filed, from which we find that there has been collected by the different courts of P county from fines, penalties and forfeitures, a sum in excess or six hundred dollars ($ 600); that the defendant holds the same in his possession and refuses to credit the same to the school fund of P county, and the object, as stated, of this proceeding, is to determine whether such fund should go to the school or the general county fund.

The solution of this question will turn upon the construction to be given to § 5791, chapter 73, compiled laws of Oklahoma, 1893, which is as follows:

"The county commissioners shall, at the time the annual taxes for territorial and county purposes are levied, levy on the taxable property of the county a tax, not to exceed one (1) per cent., which shall be collected as other taxes; and the money so realized, together with the proceeds of all monies collected from fines, forfeitures, penalties, proceeds from the sale of estrays, and all monies paid by persons as equivalent for exemption from military duty, and all monies collected from marriage licenses, shall constitute a county school fund, and be appropriated exclusively for the purpose of establishing and supporting public schools for not less than three nor more than nine months in each year, and defraying current expenses of the same of every description; and said county school fund shall be apportioned to each school district in said county in proportion to the number of children over the age of six years and under the age of twenty-one years, resident therein, as shown by the

last annual enumeration of the same. The county treasurer shall pay to each district treasurer in the county all school monies in the county treasury belonging to the district, upon the order of the director and clerk of the district; provided, that said order shall be accompanied by a certificate from the district clerk stating that the treasurer of the district has executed and filed his bond as required by law."

This section is a part of the general law relating to schools, passed by the legislature March 14, 1893, and contains a repealing clause, as follows:

"All acts and parts of acts inconsistent herewith be, and the same are hereby repealed, and this act shall take effect and be in force on and after its passage and approval." (Sec. 5830, chap. 73).

It is contended that this later act does not repeal the acts of the territorial legislature passed in 1890, which provide that the money received from fines, penalties and forfeitures shall be paid into the county treasury to be added to the county general fund.

Section 2606, chap. 25, laws of Oklahoma, known as the Crimes and Punishment Act, reads as follows:

"All fines, forfeitures and pecuniary penalties prescribed as a punishment by any of the provisions of this chapter, when collected, shall be paid into the treasury of the proper county, to be added to the county general fund."

Counsel for defendant cite numerous sections of the statute to show that it was the intention of the legislature to provide separately in each act of our statute for a disposition of such funds as might accrue from fines, forfeitures and penalties in the enforcement of the several chapters of our laws wherein such fines may be collected, and argues from such premises that while the school law was adopted at a later date than was the procedure criminal act, that it was not the intention of the legislature, at the time the school law was adopted, to do more than provide for the disposi-

tion of such funds as might arise from the enforcement of such law.

The argument is not convincing. The act of 1893 is not ambiguous. It plainly provides that "the proceeds of all monies collected from fines, forfeitures, penalties, proceeds from sale of estrays and all monies paid by persons as equivalent for exemption from military duty, and all monies collected from marriage licenses shall constitute a county school fund."

No language could be more certain in meaning, and if we construe the same in accordance with the accepted rules we can come to but one conclusion. This statute is comprehensive in its terms, and although the legislature might not have intended to give it a broad meaning, it is susceptible of no other. It in express terms repeals all laws inconsistent with it, and, therefore, repeals all laws passed at a prior date.

We are of the opinion that a peremptory mandate should issue to the defendant directing him to credit to the school fund of P county the fund which he holds arising from the sources designated as fines, penalties and forfeitures.

By the Court : It is so ordered.

All the Justices concurring.