## BOARD OF EDUCATION OF CITY OF GUTHRIE v. EXCISE BOARD OF LOGAN COUNTY et al.

No. 12742—Opinion Filed April 11, 1922.

(Syllabus.)

1. **Schools and School Districts—Public Schools—Separate Schools — Constitutional Provisions.**

Under sections 1 and 3 of article 13 of the Constitution of Oklahoma, it is the duty of the Legislature to provide for the maintenance of a system of free public schools wherein all of the children of the state may be educated, and to provide for separate schools for white and colored children with like accommodations, and impartially maintain such schools.

2. **Same—Tax Levy for Maintenance—Duty of County Excise Board—Statutory Provisions.**

Section 1 of c. 28, Senate Bill No. 71, Session Laws 1919, amending sections 8, 11, 13, and 14 of article 15, c. 219, Session Laws 1913, makes it the duty of the county excise boards in the respective counties where separate schools are maintained to annually levy a tax roll on all taxable property in such counties sufficient to maintain the separate schools, and in all independent districts where separate schools for white and colored children are maintained it is the duty of the county excise board to make a sufficient levy to pay the cost of maintaining such separate schools, purchasing sites, and erecting buildings in accordance with the budget submitted to the excise board by the board of education of such independent districts.

3. **Same — Constitutional and Statutory Limitations.**

Under section 9, article 10, of Williams' Constitution. and c. 48, Session Laws 1921, the county excise board in counties where separate schools are maintained may make a levy for the maintenance of separate schools within the limitation of 8 mills, and if such levy be insufficient for the maintenance of such schools under the proviso to section 9, article 10, of the Constitution and section 1, c. 48, Session Laws 1921, an additional levy of 2 mills may be made in aid of the common schools, including separate schools, and it is the duty of the excise board to make adequate levy for the separate schools within these limitations, even though such levy may exceed other statutory limitations provided by acts of the Legislature.

4. **Same—Failure of Excise Board to Perform Statutory Duty — Remedy—Mandamus.**

Where it is made the duty of the county excise board by statute to levy and collect by taxes, in the same manner as other taxes are collected, such sums as the board of education created by statute should deem necessary in order to properly maintain and carry on the schools within a certain district, such as an independent school district, it is the duty of the excise board to make a sufficient levy for the maintenance of such schools according to the budget submitted to it by such school board, provided the same may be made within the limitations prescribed by law. Upon the refusal of the excise board to make such levy it may be compelled to do so by mandamus.

**5. Mandamus—When Writ Will not Issue.**

A writ of mandamus will not be issued where it would work injustice or result in confusion and disorder.

Error from District Court, Logan County; C. C. Smith, Judge.

Action by Board of Education of the City of Guthrie, Logan County, Okla., constituting School District No. 60, a municipal corporation, against the Excise Board of Logan County et al., for writ of mandamus. Judgment for defendants, and plaintiff brings error. Appeal dismissed.

S. P. Freeling, Atty. Gen., and Fred W. Green, for plaintiff in error.

A. V. Dinwiddie, County Attorney, for defendants in error.

KENNAMER, J. The board of education of the city of Guthrie, Logan county, Okla., constituting school district No. 60, a municipal corporation, plaintiff, commenced this action on the 15th day of September, 1921, in the district court of Logan county, seeking a writ of mandamus to compel the excise board of Logan county to make sufficient appropriation and levy to enable the board of education of the city of Guthrie to maintain the separate schools in the city of Guthrie with accommodations and facilities equal to those furnished in the white schools of said district.

The material allegations of the petition filed by the plaintiff in the action are: That the plaintiff submitted to the excise board of Logan county its estimate of needs for the current fiscal year, including separate schools to be maintained in school district No. 60. That the county assessor of Logan county had made regular assessment of the property in Logan county as provided by law. That the same had been approved by the State Board of Equalization and certified to them by the state board. That the total assessed valuation of property taxable upon an ad valorem basis in Logan county is $23,578,259. That the excise board of Logan county allowed for the maintenance of the separate schools in said county the sum of $42,869.56. That upon the basis of a total assessed valuation of $23,578,259 for the year 1921 an estimate for separate schools and appropriation of $42,869.56 is the equivalent of a two mill levy in Logan county. That the excise board in consideration of the approval of the estimate for school district No. 60 allowed $24,119.56, for the three separate schools of the city of Guthrie in school district No. 60, which amount is inadequate and insufficient to properly conduct and maintain the separate schools in the city of Guthrie and not sufficient to provide the necessary accommodations, facilities, and school terms in the separate schools on an equal basis of accommodations, facilities, and school terms as is provided for the regular schools of the district. That it is the duty of the excise board to approve the budget and estimated expenses submitted to it by the board of education of the city of Guthrie for the support and maintenance of separate schools in said independent school district and make such appropriation as will provide for the support of the separate schools in said district for a school term equal in length to the white schools and with like accommodations and facilities.

The plaintiff prayed the court to issue a writ of mandamus requiring and compelling the defendant, excise board of Logan county, to call a meeting of the excise board, and that the excise board at said meeting be required to amend and increase the appropriation made for the maintenance and support of the schools in the independent separate school district comprising school district No. 60, and approve the estimate of necessary funds for the maintenance of the schools in district No. 60 as submitted by the board of education of said district.

The excise board, through the county attorney of Logan county, filed a demurrer to the petition of the plaintiff, which demurrer was by the court sustained and judgment entered dismissing the action of the plaintiff. This appeal is prosecuted by plaintiff to reverse the judgment of the trial court. Three specifications of error are assigned as ground for reversal of the judgment of the trial court:

"First. That the said court erred in sustaining the demurrer of the defendants in error to the petition of the plaintiff in error.

"Second. That the court erred in dismissing plaintiff's cause of action.

"Third. That the court erred in overruling the motion of the plaintiff for a new trial filed therein."

It is admitted in the brief on behalf of the plaintiff that the excise board made an estimate for separate schools of the county in an amount equivalent to a two mill levy, which is the maximum additional levy that may be made under Senate Bill 323, c. 48, Session Laws 1921, p. 67. Counsel for the plaintiff contends that c. 48, Session Laws 1921, Senate Bill 323, which in part provides:

"Provided, however, that the appropriation for aid to the common schools, including separate schools, if any, and for aid to the county high school, if any, shall not aggregate an amount greater than the equivalent levy of two mills on the assessed valuation of the county for the year"

—is a nullification of section 1 of article 13 and section 3, article 13, of the Constitution of Oklahoma, and, therefore, unconstitutional and void. The sections read as follows:

Section 1, article 13:

"The Legislature shall establish and maintain 'a system of free public schools wherein all the children of the state may be educated."     (Bunn's Ed. sec. 308).

Section 3, article 13:

"Separate schools for white and colored children with like accommodations shall be provided by the Legislature and impartially maintained.     The term 'colored children,' as used in this section, shall be construed to mean children of African descent.     The term 'white children' shall include all other children."     (Bunn's Ed. sec. 310).

Counsel insist that under the provisions of the Constitution, supra, it is clearly the duty of the Legislature to establish a system of free public schools throughout the state and to provide separate schools for white and colored children, making provisions for the impartial maintenance of both classes of schools, and that the Legislature has no authority to prohibit the excise board from levying a **lesser** amount for such colored school children in the county than the white children. That it is the duty of the excise board in any county to make a levy sufficient to raise money necessary to maintain the separate schools regardless of how many mills on the dollar's valuation will be required, so long as it is within the maximum constitutional limitation applicable to county levies.

Counsel for the defendants in error contends that, while the Constitution makes it the duty of the Legislature to provide for the organization and maintenance of separate schools for white and colored children, it must be construed to mean that such schools are to be maintained within the limitation of 2 mills as provided in act of Legislature approved March 31, 1921. Upon an examination of the various applicable statutes and constitutional provisions, we are of the opinion that two additional mills may be levied for aid to the common schools, which include separate schools, in addition to the 8 mills provided for in section 9, art. 10, of the Constitution.     Chapter 28, Senate Bill No. 71, Session Laws 1919, page 47, entitled "An act to amend section 8, section 11, section 13 and section 14 of article 15, chapter 219, Session Laws of Oklahoma, 1913, and repealing all acts or parts of acts in conflict therewith, and declaring an emergency," in section 1 thereof, provides:

"Section 1. That section 8, of article 15, chapter 219, of the Session Laws of Oklahoma of 1913, be amended so as to read as follows, to wit:

"Section 8. In all cases where county separate schools for white and colored children are ma(i)ntained, the county excise board shall annually levy a tax roll on all taxable property in their respective counties, sufficient to man(i)ntain such separate schools as are hereinafter provided. Upon estimate made by the county commissioners, said taxes shall be estimated, published, levied and collected, in the same manner as other taxes for county purposes; Provded, however, that in all independent districts where separate schools for white and colored children are maintained, it shall be the duty of the board of education therein at the time of the preparing of their annual budget to prepare a separate budget of the amount of money that will be required to be raised by taxation, for the support and maintenance of such separate schools, including the amount necessary to purchase sites and to erect school buildings for such separate schools for the coming fiscal year, and it shall thereupon be the duty of the county excise boards in such counties to levy a tax on all taxable property in their respective counties sufficient to pay the cost of supporting and maintaining such separate schools and purchasing sites and erecting school buildings for such separate schools as shown by such budget, and which said tax shall be published, levied, and collected in the same manner as other taxes for county purposes, and when collected shall be paid over to the respective treasurers of the board of education in such districts to be expended upon the order of such board of education for the purpose for which same was levied and collected.

"No white child shall attend a colored school or a colored child attend a white school."

This statute plainly provides in all counties where separate schools are maintained it is the duty of the county excise board to annually levy a tax roll on all taxable property in the respective counties sufficient to maintain such separate schools as in the act provided. This act makes it the duty of the board of education in all independent districts where separate schools are maintained to prepare an annual separate budget of the funds that will be required to be raised by taxation for the support of such separate schools, including the amount necessary to purchase sites and erect school buildings for such separate schools for the coming fiscal year, and upon the submission of such budget to the excise board it is the duty of such board to levy a tax on all taxable property of the county sufficient to pay the cost of supporting and maintaining such separate schools. This statute is quite clear and the only difficulty arises in ascertaining what constitutional and statutory limitations are applicable to the county excise boards in making the necessary levy for the maintenance of such separate schools.

Section 9, article 10, of Williams' Constitution imposes a limitation of 8 mills for county current expenses upon the taxing power of the state, which is the Legislature (Schaff v. Borum, County Treasurer, 82 Okla. 248, 200 Pac. 191), for county purposes. But any county may levy not exceeding 2 mills additional for a county high school and aid to common schools of the county under the proviso to section 9, article 10.

Our conclusion is that the additional 2 mills, as provided for in section 9, article 10, of the Constitution, is in addition to the 8 mills authorized to be levied for county purposes. That is, a county may levy, provided the Legislature has not placed other statutory limitation upon it, 8 mills for all purposes and if the 8 mills levy is insufficient to take care of the county's current expenses and have the separate schools of the county properly maintained, an additional 2 mills may be levied in aid of a county high school and of the common schools of the county, of which not over one mill of such levy may be used for high school purposes. But, if there be no high school in the county, there is no reason why the entire additional levy of 2 mills may not be used in aid of the common schools, including separate schools.

Counsel for the defendants in error argues under section 1, c. 48, Session Laws 1921, that the appropriation by the excise board of the county for aid to the common schools, including separate schools, if any, and for aid to the county high school if any, shall not aggregate an amount greater than the equivalent of a levy of 2 mills on the assessed valuation of the county for the year. In this his contention is correct, but this additional levy means just exactly what the Constitution and the statute say. That is, it is an additional levy made to supplement a levy which has reached the 8 mills limitation, but, when necessary, an additional levy may be made over and above the constitutional limitation of 8 mills, and this additional levy cannot exceed 2 mills. Counsel for the defendants is in error in his contention that the total levy of a county cannot exceed 8 mills, including the additional levy of 2 mills. If the separate schools are properly provided for and maintained within a levy made by a county within the 8 mills, then the excise board would not be authorized to make an additional levy of 2 mills, but if an adequate levy and appropriation has not been made within the 8 mills limitation for maintaining separate schools with equal facilities and accommodations with the other schools, then it is the duty of the excise board to make an additional levy within the 2 mills limitation for the purpose of properly maintaining such schools.

Counsel for the plaintiff is in error in the construction that he places upon section 1, c. 18, Session Laws 1921. The limitation of two mills upon the county excise board in providing funds for the maintenance of separate schools is in harmony with the constitutional provisions found in section 9, article 10, Williams' Constitution.

Counsel in their briefs have quoted the latter part of section 1 of the act of March 31, 1921, which limits the amount that may be appropriated for aid to the common schools, including separate schools and high schools, in an aggregate amount equivalent to a levy of 2 mills, and assume the 2 mills levy is all that may be levied for the maintenance of separate schools. In arriving at the intention of the Legislature it is necessary to notice all that part of section 1 applicable to separate schools. That part of the applicable section as to separate schools is as follows:

"* * * For the separate schools of the county, if any, with amounts for the purchase of grounds in each district, the erection or purchase of buildings in each district, the salaries of teachers, and all other maintenance expense in each district, sepa-

rately stated, and in such amounts as may be necessary to provide accommodations, facilities, and school term in the separate schools, if any, in each district in the county equal to the accommodations, facilities, and school term provided for the other regular public schools in the same district, even though such appropriations require a levy exceeding the limit otherwise provided by acts of the Legislature on the levy for all county purposes; for county high school, if any, with amounts for purchase of grounds, erection or purchase of buildings, salaries of teachers, and other maintenance expense, separately stated; for aid to the common schools of the county to be apportioned to the various districts on warrant of the county clerk, at the same time and on the same basis as the state school fund is apportioned to the districts of the county; provided, however, that in the event the appropriation for the separate schools in the county, together with appropriations for other county purposes, would require a levy on the assessed valuation of the county exceeding the constitutional limit of such levy, or such limit as may hereafter be provided by law, then the county excise board may, at the time of making the levy, provide that so much of the levy for aid to the common schools be set apart and used for the benefit of such separate schools in the county as will be necessary to furnish the amount of the appropriation for such separate schools which is over and above the amount which shall be levied for such schools under the law fixing the limit of the county levy for all purposes; provided, however, that the appropriation for aid to the common schools, including separate schools, if any, and for aid to the county high school, if any, shall not aggregate an amount greater than the equivalent of a levy of two mills on the assessed valuation of the county for the year."

The phrase, "and in such amounts as may be necessary to provide accommodations, facilities, and school term in the separate schools, if any, in each district in the county equal to the accommodations, facilities, and school term provided for the other regular public schools in the same district, even though such appropriations require a levy exceeding the limit otherwise provided by acts of the Legislature on the levy for all county purposes," must be construed to mean that sufficient levy must be made for the accommodation and maintenance of the separate schools in the county wherever they exist, although the levy may go beyond the limitation prescribed by the Legislature in other acts, such as the limitation provided for in the act of May 15, 1913, Session Laws 1913, page 445, prescribing a certain limitation for counties according to population.

Herein, in act of 1921, we find specific statutory authority granted by the Legislature to make a sufficient levy for the maintenance of the separate schools of a maximum up to 8 mills, and if insufficient under the provisions of section 9, article 10, of the Constitution, supra, and this act, an additional levy of 2 mills may be made. The subsequent clause in the act of the Legislature approved March 31, 1921—

"Provided, however, that the appropriation for aid to the common schools, including separate schools, if any, and for aid to the county high school, if any, shall not aggregate an amount greater than the equivalent of a levy of two mills on the assessed valuation of the county for the year"

—is a grant of power to the county excise boards to make an additional levy of 2 mills in aid of the common schools, including separate schools, and for aid to the county high school. This part of the act is in harmony with the proviso of section 9, article 10 of the Constitution, and contemplates that if the appropriation made by the excise board of the respective counties where separate schools are maintained within the constitutional limitation of 8 mills is insufficient to properly maintain such schools, an additional 2 mills may be levied. But it was never intended or contemplated by the Legislature that an appropriation by county excise boards for the maintenance of separate schools could never in any event exceed a levy of 2 mills. A consideration of the whole act of the Legislature approved March 31, 1921, supra, makes it clear that it was the intention of the Legislature that a sufficient levy must be made for the maintenance of separate schools in every county where the same are maintained, even though such appropriations require a levy exceeding all other statutory limitations provided by the prior acts of the Legislature, as long as the levy is within the constitutional limitation. That it is the duty of the board to make an adequate levy for the maintenance of the separate schools with like facilities and terms as the other schools of such counties. That is, the levy may be made until a maximum levy of 8 mills has been reached, and if such levy is insufficient to properly maintain the separate schools, the board is then authorized to make an additional levy of 2 mills in aid of the common schools, including separate schools, all of which additional levy, in the absence of a county high school, may be used in aid of the common schools, including separate schools. In this situation the maximum levy a county may make is 10 mills.

It was the duty of the county excise board of Logan county to make an adequate appropriation for the maintenance of the separate schools in district No. 60 sufficient to maintain the schools within the district according to the annual budget prepared and submitted by the board of education of the district for the maintenance of such schools. District No. 60 being an independent school district, Senate Bill No. 71, Session Laws 1919, p. 47, specifically provides that the county excise board shall cause a levy to be made on all of the taxable property sufficient to pay the cost of supporting and maintaining such separate schools and for purchasing sites and erecting school buildings.

Chapter 48, Senate Bill No. 323, act of March 31, 1921, specifically authorized the county excise board of Logan county to make an adequate levy for the maintenance of separate schools and removed all statutory limitations in making such levy except the constitutional limitation of 8 mills, and, if insufficient, authorized the excise board to make an additional levy of 2 mills in accordance with the constitutional provision found in the proviso of section 9, article 10, of the Constitution.

The county attorney of Logan county in his brief filed on behalf of the excise board of Logan county contends that if it had made a levy sufficient to cover all items asked for in the estimate of the board of education of independent school district No. 60, it would have required an amount greater than the aggregate of a 2 mill levy and exceeded a levy of 8 mills in Logan county, and that such a levy would have been unlawful and unauthorized under the law. We have endeavored to make it clear that under the Constitution and the act of the Legislature approved March 31, 1921, it was the duty of the county excise board to make an adequate levy sufficient to maintain the separate schools within district No. 60, even though it required an additional levy of 2 mills over and above a levy of 8 mills.

It is the duty of the proper authorities to raise by taxation for school purposes such sum as is deemed necessary by the board of education for the maintenance of its schools, and where this duty is plainly prescribed by statute, it is a ministerial duty and its performance may be compelled by mandamus. 26 Cyc. pages 162 and 287. In the instant case it appears that the discretion as to the amount of funds necessary for the proper maintenance of the separate schools is vested in the board of education, the district being an independent

school district, and upon the board certifying the amount to be levied or appropriated to the excise board it was the mandatory duty of the board to make the levy sufficient to take care of the budget as prepared by the board of education unless the levy would have exceeded the constitutional and statutory limitations as herein defined. Where a writ of mandamus is sought to enforce the performance of a statutory duty, which is plain and definite, the refusal to perform such statutory duty is sufficient to authorize the issuance of the writ. Oklahoma Railway Co. v. Severns Paving Co. et al., 67 Oklahoma, 170 Pac. 216, 10 A. L. R. 157; Stevens et al. v. Miller et al. (Kan.) 43 Pac. 439; State ex rel. William H. Lord v. Board of Supervisors of Washington County, 11 Wis. 552.

In the case of the People ex rel. The Board of Education of Saratoga Springs v. William Bennett et al., Trustees, 54 Barb. (N. Y.) 481, the court held:

"Where trustees of a village, who were required by a statute to raise and collect by tax, in the same manner as other taxes are collected, such sums as a board of education created by such statute should deem needful in order to organize and carry on the schools within the limits of said village, on being duly notified by such board of its determination as to the sum needed for the purposes expressed in the act, refused to raise the same by tax; held that they could be compelled, by mandamus, to do so."

A writ of mandamus will not lie where its issuance would work injustice or introduce confusion and disorder. 26 Cyc. page 287.

In the instant case it appears the assessment rolls and tax records have all been made up for the year 1921 and most all taxes paid. Therefore, it would be impracticable to have the writ issued at this time. But the issues involved in this case being of great public interest and of vital importance to the proper administration of the school laws of the state, we deemed it advisable to decide the case upon the merits. We apprehend there will be no occasion for the school boards in the respective counties where separate schools are maintained invoking the jurisdiction of the courts for a writ of mandamus after a construction of the applicable constitutional and statutory provisions of the law by this court.

It is clear under the Constitution of this state and the statutory law enacted in pursuance of the mandate of the Constitution,

that it is the duty of the county excise board of the respective counties where separate schools are maintained to provide such schools with sufficient funds raised by tax levy on all of the taxable property in such counties to furnish such schools with adequate facilities and school terms equal to those of the other schools. We believe that the county excise boards in such counties will be disposed to perform this duty in accordance with the laws of the state after applicable laws have been clearly established. No one doubts the benign and wholesome objects to be attained in carrying out the mandates of the Constitution and the evident purpose of the Legislature. Where there appears to be a manifest intention on the part of the excise boards in the counties to evade the mandates of the law with respect to separate schools, the courts of this state will not hesitate to issue the writ of mandamus to such boards directing the performance of this important duty in accordance with the statutory law. But, for the reason herein stated, we will not decree the issuance of the writ in the instant case.

The judgment of the trial court in denying the writ will not be disturbed, as no practical relief may be afforded the plaintiff. But it appearing to the court that the county excise board of Logan county, and other boards where separate schools are maintained, must from year to year make appropriations and a levy of taxes for the same purpose as is involved in this action, we deemed the questions of such public interest as to warrant a decision upon the question involved. In view of the fact that the tax rolls have been made and the taxes paid, the appeal is dismissed.

**PITCHFORD**, V. C. J., and KANE, JOHNSON, MILLER, and ELTING, JJ., concur.