**JONES v. BOARD OF EDUCATION OF CITY OF MUSKOGEE et al.**

No. 14326—Opinion Filed July 10, 1923.

(Syllabus.)

**1. Mandamus—Office of Writ.**

Under section 446, Comp. Stat. 1921, the writ of mandamus may be issued to compel the performance of any act which the law specially enjoins as a duty, resulting from an office, trust, or station.

**2. Schools and School Districts—Separate Schools for Races—Constitution.**

Under section 3, art. 13 of the Constitution of Oklahoma, "separate schools for white and colored children with like accommodations shall be provided by the Legislature and impartially maintained."

**3. Same — Discrimination Against Negro Schools.**

Agreed statement of facts in this case examined, and held, that the same constitutes such a discrimination against the separate or colored schools of the city of Muskogee as to violate section 3, art. 13, of the Constitution of Oklahoma.

**4. Same—Provision for Funds.**

Where the Legislature prescribes a manner of providing funds for the support of the colored schools different from that providing

funds for the white schools, such method will not be declared unconstitutional in the absence of a showing that said method does not provide sufficient funds to maintain the separate schools with equal facilities and accommodations, and for a term of equal length as the white schools.

**5. Same—Use of White School Fund for Negro Schools—Legality.**

Funds created and set apart for the support and maintenance of the independent or white schools of an independent school district cannot be expended and used by the board of education for the support and maintenance of the separate or colored schools after the funds set apart for that purpose have been exhausted.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Mandamus by Jacob J. Jones, Jr., by father and next friend, Jacob J. Jones, Sr., against the Board of Education of City of Muskogee and another. Writ denied, and relator brings error. Affirmed.

J. Bernard Smith, for plaintiff in error.

George W. Leopold and J. F. Brett, for defendants in error.

MASON, J. This action was commenced in the district court of Muskogee county, Okla., by the plaintiff in error against the defendants in error, praying that a writ of mandamus issue compelling said defendants in error to reopen the separate schools in the city of Muskogee, the same being independent district No. 20 of Muskogee county, which schools were closed by order of said board of education, and that said board of education and Garland Jackson, treasurer, be restrained and enjoined from disbursing any of the funds in the custody or control of said board or the treasurer thereof for the support and maintenance of the public schools of said independent district No. 20, or any of such funds that may be hereafter received, otherwise than equally among all children residing in said district and city of school age irrespective of race or color of said children.

The complainant alleges that he is a colored citizen of the United States and of the state of Oklahoma, and a duly enrolled pupil in school district No. 20, being a member of Dunbar School, which is one of the separate schools of said district: that he is being deprived by said defendants in error of the equal protection of the law, in that he is discriminated against in the distribution of the moneys received by the board of education and held by the treasurer thereof for the support and maintenance of the public schools of said district No. 20, and that he, together with all the other colored children in like situation, is being discriminated against because of the failure of said board of education to provide equal educational facilities and advantages to those enjoyed by the white children of the said district of school age.

The defendants answered, denying all the material allegations contained in the plaintiff's petition, and, thereafter, the cause was submitted to the court upon an agreed statement of facts and judgment rendered in favor of defendants and against the plaintiff, from which judgment plaintiff prosecutes this appeal.

For convenience, the parties will hereafter be referred to as they appeared in the trial court.

The agreed statement of facts is as follows:

First. That the plaintiff, Jacob J. Jones, Jr., who sues by his father and next friend, Jacob J. Jones, Sr., is a citizen of the United States and of the state of Oklahoma, and resides in Muskogee, Muskogee county, Okla., and within school district No. 20, which school district is an independent district embracing the city limits of the city of Muskogee, a city of the first class; and is a duly enrolled pupil of Dunbar School, it being one of the schools in said district which is designated as a separate school.

Second. That said pupil is not a duly enrolled pupil of the public schools in district No. 20, which district is an independent school district of the city of Muskogee, Okla., but he is a duly enrolled pupil in the Dunbar School, which is a separate school located within said independent district No. 20 of Muskogee, Okla.

Third. That said independent school district No. 20 of the city of Muskogee is one in which the white people predominate, and it has been declared by the county superintendent that the white pupils shall attend the schools of said district No. 20, and that the colored children residing within said district shall attend the separate schools of said district.

Fourth. That the funds for the support and maintenance of the schools designated as independent schools in district No. 20 are derived from an assessment and levy of 14.8 mills upon all taxable property within said independent district.

Fifth. That the funds for the support and maintenance of the schools located within said independent district, and being designated as separate schools, are derived from an assessment and levy of 1.7 mills by the county excise board upon all the taxable

property in Muskogee county, and the proportionate part of said funds paid over to the respective treasurers of the boards of education of the various districts of said county, whereby said board of education of said independent district receives said funds for the support and maintenance of the separate schools in said independent district.

Sixth. That in said independent district there are 6,499 white children of school age attending schools in said district, and in said independent school district there are 2,278 colored children of school age attending the separate schools in said independent district; that the physical plant provided for the white schools is of the approximate value of $1,393,267.37, and the physical plant provided for the separate schools in said independent district is of the approximate value of $150,000.

Seventh. That the curricula of the white schools of said independent district, among other things, consist of mechanical industries, namely: Blacksmithing, auto repairing, printing, electric wiring, architectural and mechanical drawing, banking and commercial courses, kindergartens, hand-crafts, cartooning, lettering and commercial art, and bands, none of which are included in the curricula of the colored schools of said independent district.

Eighth. That the total amount allowed for the maintenance of white schools of said independent district for the fiscal year of 1922-23 was $438,095.25, which amount was voted upon and approved by the taxpaying voters in said independent district, the said amount being sufficient to properly support and maintain said white schools for the full term of nine months.

Ninth. That the amount allowed for the separate schools within the independent district of the city of Muskogee of the state of Oklahoma, for the fiscal year 1922-23 was $46,575, which amount has been wholly expended by the board of education for the purpose of supporting and maintaining said separate schools, but that said amount was and is inadequate to support and maintain said separate schools for a full term of nine months, and that, because of the lack of funds to maintain said separate schools in said independent district, said schools were forced to close by order of the defendant board of education, on the 18th day of April, 1923, having been operated during a period of seven months and 13 school days.

Tenth. That the amount of money expended per capita for the children attending the white high school in said independent district is $104.23, and the amount expended per capita for the children attending the white grade schools of said district is $65.46.

Eleventh. That the per capita expenditure for students attending the separate high school within said independent district is $43.26, and the amount expended for each child attending the separate grade schools of said district is $19.53.

Twelfth. That the white schools of said independent district have sufficient funds on hand to maintain said schools for the full school term of nine months.

Thirteenth. That the average salary paid to the white teachers of said independent district, from the kindergarten to the 3rd grade, inclusive, is $1,276 per year; from the 4th grade to the 6th grade, inclusive, $1,284; in the high school, $1,556. That the average amount paid to the colored teachers in the separate schools located in said independent district for teaching in said schools is from 1st to 3rd grades, inclusive, $766 per year; from 4th to 6th grades, inclusive, $810 per year; high school, $928 per year. That these figures do not in any case include salaries of principals and supervisors.

Fourteenth. That the average number of students assigned to each class of the high school of said independent district is 24.1, and the average number of pupils assigned to a teacher in the grade schools of said district is 33.4.

Fifteenth. That the average number of students assigned to each class of the separate high school of said independent district is 24.6, and the average number of pupils assigned to a teacher in the grade separate schools of said district is 43.3.

Sixteenth. That on account of the crowded condition in some rooms of the separate schools, and on account of lack of funds to employ more teachers, there are six rooms in all of the separate schools combined where the children are attending only half time.

Seventeenth. That the said board of education of the city of Muskogee is a corporation existing under and by virtue of the laws of the state of Oklahoma, and, as such, has under its supervision and control all of the schools of said independent district, including the separate schools therein.

Eighteenth. That Garland Jackson is the duly elected, qualified, and acting treasurer of the board of education of the city of Muskogee, Okla.

Nineteenth. That, on or about December 29, 1922, said board of education filed in the district court of Muskogee county, case No. 11,910, wherein the board of education sought to mandamus the excise board to increase the amount allowed by the excise board to the board of education of the city of Muskogee of the state of Oklahoma to be expended for the use and support of said separate schools; that said case was tried upon its merits and the court refused to issue said writ, and from said judgment so rendered no appeal was taken.

The first question presented is: Whether or not mandamus is the proper remedy in this case? Section 446, Comp. Stat. 1921, reads as follows:

"The writ of mandamus may be issued by the Supreme Court or the district court, or any justice or judge therof, during term or at chambers, to any inferior tribunal, corporation, board or person, to compel the performance of any act which the law specially enjoins as a duty, resulting from an office, trust or station; but though it may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, it cannot control judicial discretion."

It will be observed that mandamus is a proper remedy "to compel the performance of any act which the law specifically enjoins as a duty, resulting from an office, trust or station." If the acts which the plaintiff seeks to compel the defendants to perform are such as constitute a part of the official duties of the defendants, and are such as the defendants have failed and refused to perform, mandamus is the proper remedy. Board of Education of the City of Perry v. Haralson, County Treasurer, 2 Okla. 170, 37 Pac. 1063; Board of Education of City of Guthrie, Logan County, v. Excise Board of Logan County, 86 Okla. 24, 206 Pac. 517.

It is next contended by the plaintiff in error that the separate schools and the white schools of Muskogee are not maintained with like accommodations, but the separate schools are discriminated against to such an extent as to amount to a violation of section 3, art. 13, of the Constitution of Oklahoma, which provides as follows:

"Separate schools for white and colored children with like accommodations shall be provided by the Legislature and impartially maintained."

We fail to see where this question could have any influence one way or the other in the disposition of the case at bar. As we view the case, the question for our consideration is: Whether or not the acts which the plaintiff seeks to compel the defendants to perform are duties imposed upon them as such officials by the statutes of this state, and if so, whether or not said statutes are constitutional? Notwithstanding such opinion, however, we cannot refrain from agreeing with plaintiff in error in this contention.

It is quite obvious from reading the agreed statement of facts in this case that the separate or colored schools have been shamefully discriminated against. It appears that, although there are more than one-third as many pupils in the colored schools as in the white schools, yet the value of the colored school property is less than one-ninth of that of the white schools. The difference in the curricula of the two schools is not such a slight difference as would be warranted by the difference in the two races, but it is so unfair, unjust, and unreasonable as to amount to unmistakable discrimination.

The fact that a fund of $438,095.25, or 104.23 per capita in the high school and 65.46 per capita in the grade schools, was allowed for the maintenance of the white schools for the school year 1922-23, while a fund of only $64,575, or 43.26 per capita in the high school and 19.53 per capita in the grade schools, was allowed for the maintenance of the separate schools; the fact that the white schools had a full nine months' term, while the colored schools had only a seven months' term; the fact that the accommodations were so inadequate that a great many pupils of the colored schools only attend one-half time—convinces us that those responsible for financing, operating, and controlling the separate schools of Muskogee are willfully disregarding the Constitution of Oklahoma, and intentionally ignoring the statutes of this state.

Getting back to the question for our consideration: Can funds created and set apart for the support and maintenance of the white schools of Muskogee be expended and used by the school board for the support and maintenance of the separate schools after the funds for that purpose have been exhausted?

The defendants contend, and it is admitted in the agreed statement of facts, that the funds set aside for the maintenance of the separate schools are exhausted, and that said schools were closed for that reason; that the defendants provided in the budget for sufficient funds to support and maintain the separate schools for the same length

term and with equal school facilities and accommodations as the white schools, but that the excise board of Muskogee county reduced said estimate to such an extent that the same was insufficient; that defendant board of education herein filed a suit in the district court of Muskogee county to compel the excise board to approve the estimate provided for in the budget of said defendants, and that the board of education was unsuccessful therein, and that said cause was not appealed.

Plaintiff cites section 10419, Comp. Stat. 1921, which provides as follows:

"The taxable property of the whole city or incorporated town, including the territory attached for school purposes, shall be subject to taxation. All taxes collected for the benefit of the school shall be placed in the hands of the treasurer, subject to the order of the board of education."

Plaintiff contends that, by virtue of the provisions of this section, all the taxable property of the city of Muskogee is subject to taxation for the support and maintenance of the public schools of said city, and that the separate schools are a part of the public schools and, as such, are entitled to share in an equal distribution of the funds collected under said section. We would be inclined to agree with the contention of plaintiff if it were not for the provisions of section 10574, Comp. Stat. 1921, which provides as follows:

"* * * That in all independent districts where separate schools for white and colored children are maintained, it shall be the duty of the board of education therein at the time of the preparing of their annual budget, to prepare a separate budget of the amount of money that will be required to be raised by taxation, for the support and maintenance of such separate schools, including the amount necessary to purchase sites and to erect school buildings for such separate schools for the coming fiscal year, and it shall thereupon be the duty of the county excise board in such counties to levy a tax on all taxable property in their respective counties sufficient to pay the cost of supporting and maintaining such separate schools and purchasing sites and erecting school buildings for such separate schools as shown by such budget, and which said tax shall be published, levied and collected in the same manner as other taxes for county purposes, and when collected shall be paid over to the respective treasurers of the board of education in such districts, to be expended upon the order of such board of education for the purpose for which same was levied and collected."

Plaintiff contends, however, that this section of the statutes is unconstitutional and

invalid, for the reason that said levy and collection of the tax on all taxable property of the city as provided for therein imposes a burden upon the negro taxpayers of said city, and, unless said taxes are proportionately distributed according to the number of school children of school age in said city, said taxpayers are discriminated against and deprived of the benefits of said taxes, which would constitute a taking of the property without due process of law and denying them the equal protection of the law.

We agree with counsel for plaintiff that equal protection means, not only equal taxation, but equal benefits of the taxes when levied and collected, and we are of the opinion that, if the facts in this case would warrant a finding that such method as provided in section 10574, supra, for raising necessary funds for the separate schools would fail to provide sufficient funds to maintain the separate schools with accommodations equal to those of the white schools and for the same length term, said section would be unconstitutional.

We know of no reason, however, why the Legislature could not adopt methods of raising and providing funds for the support and maintenance of white and colored schools so long as the taxpayers of both races were taxed equally, and so long as the funds raised thereby were sufficient to support and maintain both schools with equal accommodations and for terms of equal length.

In the case of Board of Education of City of Guthrie, Logan County, v. Excise Board of Logan County, 86 Okla. 24, 206 Pac. 517, this court, in the 3d paragraph of the syllabus, holds that:

"Under section 9, art. 10, of the Constitution, and chapter 48, Session Laws 1921, the county excise board in counties where separate schools are maintained may make a levy for the maintenance of separate schools within the limitation of 8 mills, and if such levy be insufficient for the maintenance of such schools under the proviso of section 9, art. 10, of the Constitution. and section 1, chapter 48, Session Laws 1921, an additional levy of 2 mills may be made in aid of the common schools, including separate schools, and it is the duty of the excise board to make adequate levy for the separate schools within these limitations even though such levy may exceed other statutory limitations provided by acts of the Legislature."

In the case at bar, however, it appears that the levy for the separate schools was only 1.5 mills, and there is no showing or contention that if the levy had been equal

to that authorized by the holding of this court in Board of Education of City of Guthrie, Logan County, v. Excise Board of Logan County, supra, the funds derived therefrom would have been insufficient to conduct the separate schools without discrimination. In the absence of such showing, we would not be warranted in saying that section 10574, supra, is unconstitutional as being discriminatory against the colored schools. In the absence of a holding that section 10574, supra, was unconstitutional, funds created and set apart for the support and maintenance of the independent or white schools of said independent school district could not be expended and used by the defendants for the support and maintenance of the separate or colored schools after the funds set apart for that purpose were exhausted.

While the plaintiff has just cause for complaint, he has pursued the wrong method to remedy the same. The proper remedy was provided for in the opinion of this court by Mr. Justice Kennamer in the case of Board of Education of City of Guthrie, Logan County, v. Excise Board of Dogan County, supra. The trial court properly denied the writ in this case.

Counsel for defendants in error, in their brief, state that they sympathize with the plaintiff and the colored children of Muskogee in their efforts to get an education, and that they trust in the future the length of their school term will be equal to the school term of the white children. They further contend that the school board has not maliciously discriminated against the separate schools, but that the facts herein disclose a purely unfortunate occurrence caused by the refusal of the excise board to approve the budget of the board of education.

From the record in this case, we are of the opinion that the board of education of the city of Muskogee and the excise board of Muskogee county are deliberately discriminating against the separate schools of the city of Muskogee, and each is trying to shift the responsibility to the shoulders of the other. If the defendants in this case were acting in good faith, as suggested by counsel in their brief, we are unable to explain their failure to appeal the mandamus case against the county excise board, which was filed some six months after the filing of the opinion of this court in the case of Board of Education of City of Guthrie, Logan County, v. Excise Board of Logan County, supra, which has been quoted from herein, and which holds in the 4th paragraph of the syllabus that the excise board

may be compelled to make levy within the statutory limitation in accordance with the budget submitted by the school board. For the reasons stated. the judgment of the trial court is affirmed.

JOHNSON, C. J.. and KENNAMER, NICHOLSON. and HARRISON, JJ., concur.