## PROTEST OF WILHITE.

No. 21254.   Opinion Filed June 23, 1931.

E. E. Heyl, Co. Atty., B. B. Foster, Asst. Co. Atty., W. H. Kornegay, Eric Hasse, and M. M. Gibbens, for protestant.

Shipman & Lewis, L. A. Rowland, and L. L. Cowley, for protestee.

ANDREWS, J.   This is an appeal from the judgment of the Court of Tax Review, denying the tax protest filed therein.

The facts which are the basis of the protest are shown by the decision of this court in cause No. 21223, Theo. H. Hull et al. v. Board of Education of City of Bartlesville, this day decided, 150 Okla. 30, 300 Pac. 775.

The law announced in that case is applicable and controlling herein, and we do not think it necessary to restate what was therein said.   We therefore hold that, when the board of education of an independent school district certifies its budget for the separate school within its district to the excise board, and the same is in such sum as is not disproportionate to the budgets of the other separate schools of the county, and the total amount of the budgets of all separate schools of the county may be appropriated within the limit of the authorized tax levy for that fiscal year, it is the mandatory duty of the excise board to approve the budget as presented. However, where the total of the budgets for separate school purposes is excessive and the budget of one of the independent school districts is for more than an equitable share of the funds that can be raised by taxation for separate school purposes, an adjustment thereof may be made by the county excise board to bring the total within the available amount and to make the various appropriations in proportion to each other. Where items of salaries of officers and clerk, superintendent, supervisor and building superintendent are included in a budget for separate school purposes by the board of education of an independent school district in which a separate school is located for the purpose of procuring appropriations of the amounts asked for, and the board of education does not intend to use the sums appropriated for those purposes, but to trans-

fer the amount thereof from the separate school fund to the independent school district fund by check, and to use the same for the purpose of paying the salaries of officers and clerk, superintendent, supervisors, and building superintendent of the independent school district, the excise board is authorized to strike those items from the budget, notwithstanding the fact that those officers employed for the independent school district devote some of their time to supervising the separate school of the independent school district, and the excise board may not be required by a writ of mandamus of the district court to reinstate the items in the budget or to approve the same. Funds appropriated for separate school purposes may not be transferred to the independent school district fund to be used for the payment of employees of the independent school district, although said employees devote a part of their time to the service of the separate school therein.

The judgment of the Court of Tax Review is reversed and this cause is remanded to that court, with directions to order the excise board to reduce the amount of the appropriation for the separate school purposes for independent school district No. 30, Washington county, in the amount of $1,500, to strike therefrom the items for

| | |
|---|---|
| Salaries, officers and clerk | $300.00 |
| Salary, superintendent | 600.00 |
| Salaries supervisors | 400.00 |
| Salary, building superintendent | 200.00 |

—and to reduce the levy for separate school purposes for Washington county in such amount as it was unlawfully increased by reason of the inclusion in the appropriations of the said sum of $1,500.

LESTER, C. J., and RILEY, HEFNER, CULLISON, and McNEILL, JJ., concur. CLARK, V. C. J., dissents. SWINDALL, J., absent. KORNEGAY, J., disqualified.