## HULL et al. v. BOARD OF ED., CITY OF BARTLESVILLE.

No. 21223. Opinion Filed June 23, 1931.

E. E. Heyl, Co. Atty., and B. B. Foster,

Asst. Co. Atty., for plaintiffs in error.

Shipman & Lewis and L. A. Rowland, for defendant in error.

ANDREWS, J. This is an appeal from the judgment of the district court of Washington county, granting a peremptory writ of mandamus against the defendant, excise board of Washington county, requiring it to approve certain items in the budget of the estimated needs of the separate schools of school district No. 30, comprising the city of Bartlesville and annexed territory, as theretofore presented by the plaintiff, board of education of the independent school district for the year 1929-30. The parties will be referred to as they appeared in the trial court.

The record shows that the plaintiff filed with defendant its budget of said district for the separate school for the fiscal year 1929-30, which included, among others, four items, as follows:

Salaries, officers and clerk _____$300.00
Salary, superintendent _____ 600.00
Salaries, supervisors _____ 400.00
Salary, building superintendent _____ 200.00

—in the total sum of $1,500. The defendant struck from the budget those four items on the ground that they were not proper charges against the funds provided for the separate school of the district. Suit was brought by plaintiff against defendant to compel it to allow said items; an alternative writ was issued, and defendant filed its answer alleging want of authority to make an appropriation for those items. Upon hearing of the cause, the court entered its mandatory writ commanding defendant to reinstate said items in the separate school budget and to approve the same. The defendant reinstated the items in the separate school budget, approved them in conformity to the provisions of the writ and perfected its appeal to this court. A protest was filed in the Court of Tax Review, protesting the same items in the school levy for said plaintiff school district, and the funds derived from the levy are now held by the county treasurer of said county pending the final determination of that protest. By reason thereof the issue presented is not moot.

The defendant assigns eleven specifications of error and presents the same under three divisions, which present questions for determination by this court as follows, to wit: · Has the board of education of an independent school district, in presenting its budget for separate schools in the district, the discretion and authority to say what items shall or shall not be inserted therein and the amount which the excise board shall appropriate therefor? Has an excise board the power and authority to revise and correct the estimate for separate schools certified to it by a board of education by either striking items therefrom, increasing or decreasing items thereof, or adding items thereto, when in its opinion the needs of the separate school shall require same? Has the board of education of an independent school district any right to place in its estimate for a separate school within its district an item or items to be transferred from the separate school fund to the general fund of the independent school district to be used to pay a part of the salary of the superintendent, clerk, supervisor of arts and building superintendent, or other officers employed by the independent school, and paid exclusively out of the funds of the independent school district?

With certain exceptions, the funds for maintaining an independent school are derived from a tax upon the taxable property in the independent school district, and with the same exceptions, the funds for maintaining the separate schools of a county are derived from a tax on all of the taxable property in the county. Under the provisions of section 10412, C. O. S. 1921, the boards of education of independent school districts in cities and towns have control over schools and school property of the school district including the separate schools therein. Under section 10574, C. O. S. 1921, it is the duty of the board of education of an independent school district to prepare the budget, not only for the independent school, but for the separate schools, in compliance with the provisions of said section, in part, as follows:

"* * * In all independent districts where separate schools for white and colored children are maintained, it shall be the duty of the board of education therein, at the time of the preparing of their annual budget, to prepare a separate budget of the amount of money that will be required to be raised by taxation, for the support and maintenance of such separate schools, including the amount necessary to purchase sites and to erect school buildings for such separate schools for the coming fiscal year, and it shall thereupon ·be the duty of the county excise boards in such counties to levy a tax on all taxable property in their respective counties sufficient to pay the cost of supporting and maintaining such separate schools and purchasing sites and erecting school buildings for such separate schools as shown by such budget, and which said tax shall be published, levied and collected in the same manner as other taxes for county

purposes, and when collected shall be paid over to the respective treasurers of the board of education in such districts, to be expended upon the order of such board of education for the purpose for which same was levied and collected. * * *"

The plaintiff contends that the lang, age of section 10574, supra, that "* * * it shall thereupon be the duty of the county excise boards in such counties to levy a tax on all taxable property in their respective counties sufficient to pay the cost of supporting and maintaining such separate schools, * * * as shown by such budget, * * *" deprives the excise board of any discretion or authority to alter or change a budget so made, and requires it to make the levy in accordance with the budget presented by the board of education.

The defendant contends that, under the provisions of section 9698, C. O. S. 1921, the excise board has authority to revise and correct and to strike items therefrom or add items thereto as they think proper. Said section provides, in part, as follows:

"The excise board shall meet * * * for the purpose of examining the financial statements for, the previous fiscal year as submitted by the county and the several cities, towns, townships, and school districts, and ascertaining the true fiscal condition of each thereof at the close of such year; and for the further purpose of examining the statements of estimated needs for current expense purposes for the current fiscal year as certified by each of said municipalities, and determining the items and amounts for which appropriations shall be made for such year, detailed as to each officer, board or department. The said board shall have power and authority to revise and correct any estimate certified to them by either striking items therefrom, increasing, or decreasing items thereof, or adding items thereto, when in its opinion the needs of the municipality shall require. * * *"

Section 9699, C. O. S. 1921, provides, in part, as follows:

"* * * The several items of the estimate as made and approved by the excise board for each fiscal year shall constitute and are hereby declared to be an appropriation of funds for the several and specific purposes named in such estimate, and the appropriation thus made shall not be used for any other fiscal year or purpose whatsoever. Each clerk or other issuing officer shall open and keep an account with the amount of each item of appropriation showing the purpose for which the same is appropriated and the date, number, and amount of each warrant drawn thereon. No warrant or certificate of indebtedness, in any form, shall

be issued, approved, signed, attested or registered on or against any appropriation for a purpose other than for which the said appropriation was made, or in excess of the amount thereof."

From the language of section 9699, Id., it is plain that all estimates and each item thereof must be approved by the excise board. That being true, does the excise board have any discretion in the approval of the various estimates in so far as the separate school fund is concerned, or is it a ministerial act merely? The plaintiff contends that the excise board has no disc.etion in the approval of the estimates submitted for the separate schools and relies upon the decision of this court in Board of Education of City of Guthrie v. Excise Board of. Logan Co., 86 Okla. 24, 206 Pac. 517. In that case this court held:

"Section 1 of c. 28, Senate Bill No. 71, Session Laws 1919, amending sections 8, 11, 13 and 14 of article 15, c. 219, Session Laws 1913, makes it the duty of the county excise boards in the respective counties where separate schools are maintained to annually levy a tax roll on all taxable property in such counties sufficient to maintain the separate schools, and in all independent districts where separate schools for white and colored children are maintained, it is the duty of the county excise board to make a sufficient levy to pay the cost of maintaining such separate schools, purchasing sites, and erecting buildings in accordance with the budget submitted to the excise board by the board of education of such independent districts."

The controversy in that case arose over the failure of the excise board to make a sufficient allowance to properly maintain the separate schools when the estimate as prepared and presented by the board of education was within the limit of levy provided by law. It had been shown that the amount asked for was to be spent exclusively for the separate school and was necessary for that particular year. The court said:

"In the instant case it appears that the discretion as to the amount of funds necessary for the proper maintenance of the separate schools is vested in the board of education, the district being an independent school district, and upon the board certifying the amount to be levied or appropriated to the excise board, it was the mandatory duty of the board to make the levy sufficient to take care of the budget as prepared by the board of education unless the levy would have exceeded the constitutional and statutory limitations as herein defined."

We do not understand that decision to hold that a board of education is vested

with exclusive jurisdiction to determine the amounts and items which shall be appropriated for the separate schools within the independent district. There may be instances where the aggregate amount of the budgets for separate school purposes would require a tax levy in an amount in excess of the statutory and constitutional limitations. That the power to reduce the aggregate to an amount that may be produced under the statutory and constitutional limitations upon the rate of levy cannot be denied. When such a reduction is necessary, the reduction should be made in those budgets which are disproportionate to the other budgets. The power to make such reduction must exist and must be vested in some individual, board or commission. In our opinion, under the statutes quoted, that power is vested in the county excise board.

We hold the correct rule to be that when the board of education of an independent school district certifies its budget for the separate school within its district to the excise board, and the same is in such sum as is not disproportionate to the budgets of the other separate schools of the county, and the total amount of the budgets of all separate schools of the county may be appropriated within the limit of the authorized tax levy for that fiscal year, it is the mandatory duty of the excise board to approve the budget as presented. However, where the total of the budgets for separate school purposes is excessive and the budget of one of the independent school districts is for more than an equitable share of the funds that can be raised by taxation for separate school purposes, an adjustment thereof may be made by the county excise board to bring the total within the available amount and to make the various appropriations in proportion to each other.

Under the second proposition, the plaintiff contends that, if the separate school fund is to furnish all of the money necessary to maintain the separate school, it should furnish its share of the expenses of supervision thereof, and that it would be unfair to place all of this expense upon the independent school district. As has been stated, the independent schools are maintained largely from funds derived from a levy of a tax upon all of the taxable property within the independent school district. This necessarily includes the taxable property of the patrons of the separate school within the district. That fact was probably taken into consideration by the Legislature in enacting the law. Under the facts before the court, the funds

to be raised for the particular items disallowed by the excise board were not to be spent for the maintenance of the separate school, but were to be transferred from the separate school fund to the fund of the independent school district, and were to be used for the payment of the salaries of those employed for the independent school district.

A check is to be drawn by the board of education of the independent school district on the separate school fund of that district for the amount, to wit, $1,500, and the proceeds thereof are to be deposited in the general fund of the independent school district. To justify such a transfer of separate school funds to the general fund of the independent school district, it is contended that those employees are to devote some of their time to the supervision of the separate school. The independent school district levy was the maximum permitted under the Constitution (art. 10, sec. 9), to wit, 15 mills. If the funds of the independent school district may be increased in an amount in excess of that authorized by the Constitution by the transfer from the separate school fund to the funds of the independent school district of $1,500, those funds might be increased in an amount considerably larger and the constitutional limitations might thereby be made ineffective. If a portion of the salary of the superintendent employed for the independent school district may be paid from separate school funds, and the board of education of the independent school district has exclusive authority to determine the amounts to be appropriated and the purposes for which they may be used, then there is no way to prevent an independent school district from paying all of the salary of its superintendent from the separate school funds. We think that such a disposition of funds raised for the separate schools by a tax on all of the taxable property within the county is in violation of the provision of section 19, art. 10, of the Constitution of Oklahoma, that no tax levied and collected for one purpose shall ever be devoted to another purpose, and in violation of the provisions of section 9699, supra, in part, as follows:

"No warrant or certificate of indebtedness in any form, shall be issued, approved, signed, attested or registered on or against any appropriation for a purpose other than for which the said appropriation was made, or in excess of the amount thereof."

The plaintiffs contend that the rule ought to work both ways and apply to both parties, and that the independent school district funds may not be used for superintending

the separate schools of the independent school district. We agree that the constitutional and statutory limitations are applicable in each instance. The funds of the independent school district may not be used for the separate school purposes and the separate school funds may not be used for independent school district purposes.

There is nothing in the decision in the case of Jones v. Board of Education of City of Muskogee, 90 Okla. 233, 217 Pac. 400, that supports the position of the plaintiff or is contrary to the rules announced herein.

The trial court erred in issuing its peremptory writ of mandamus requiring the excise board to convene and approve the estimate for the separate school as presented by the school board. The judgment of that court is reversed, and the cause is remanded, with directions to that court to dismiss the action at the cost of the plaintiff. Since the levy was made as directed and the tax based thereon has been paid at least in part, the disposition of that fund will be directed in the decision of this court on the appeal from the judgment rendered on the protest made to that tax levy.

LESTER, C. J., and RILEY, HEFNER, CULLISON, and McNEILL, JJ., concur. CLARK, V. C. J., dissents. SWINDALL, J., absent. KORNEGAY, J., disqualified.