## BOARD OF EDUCATION, SCHOOL DIST. NO. 60, LOGAN COUNTY, et al. v. FRY. et al.

No. 23345. Opinion Filed April 12, 1932.

Merle G. Smith, City Atty., for plaintiffs.

Wm. T. Hirschi, Co. Atty., for defendants.

McNEILL, J. This is an original action in this court, wherein the plaintiff seeks a peremptory writ of mandamus compelling the county excise board of Logan county to approve an estimate or budget of estimated needs for separate schools for the fiscal year 1931-1932. It is conceded that such estimate was within the statutory and constitutional limitations and filed with the county excise board as provided by law. The county excise board refused to make a levy as provided for by said estimate, but has reduced the estimate so made and filed. ·

Section 10574, C. O. S. 1921, provides for taxation for separate schools for white and colored children, and requires the county excise board to annually levy a tax roll on all taxable property in their respective counties, sufficient to maintain such separate schools. This case is controlled by the case of the Board of Education of Logan County v. Excise Board of Logan County, 86 Okla. 24, 206 P. 517, in an opinion written by Mr. Justice Kennamer. In that opinion the court held that it was the duty of the excise board to approve the budget and estimated expenses submitted to it by the board of education, and said:

"That it is the duty of the excise board to approve the budget and estimated expenses submitted to it by the board of education of the city of Guthrie for the support and maintenance of separate schools in said independent school district and make such appropriation as will provide for the support of the separate schools in said district for a school term equal in length to the white schools and with like accommodations and facilities. * * *

"That it is the duty of the excise board in any county to make a levy sufficient to raise money necessary to maintain the separate schools, regardless of how many mills on the dollar's valuation will be required, so long as it is within the maximum constitutional limitation applicable to county levies."

This decision is controlling in this case. See, also, Stockton v. Excise Board of Payne Co., 155 Okla. 120, 8 P. (2d) 57; State ex rel. Joint School Dist. No. 102, Payne County, v. Excise Board of Payne Co., 155 Okla. 121, 8 P. (2d) 58; State ex rel Consolidated School Dist. No. 2 of Payne Co. v. Excise Board of Payne Co., 155 Okla. 122, 8 P. (2d) 66; Board of Education, School Dist. No. 60, Logan County, v. Excise Board of Logan County, 155 Okla. 214, 8 P. (2d) 683.

The excise board of said county is directed to approve the estimate or budget of the estimated needs for the separate schools of said district for the fiscal year 1931-1932, in the amount and in the items shown by said estimate, and to approve and make the ad valorem tax levy needed and necessary therefor, provided the same may be made within the limitation prescribed by law, and such other and further action not inconsistent with the views herein expressed.

RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, C. J., and KORNEGAY, J., dissent. CLARK, V. C. J., absent.