## MUSKOGEE COUNTY EXCISE BOARD v. STUBBS et al.

No. 26178.   May 28, 1935.

A. Camp Bonds, County Attorney, and Phil K. Oldham, for plaintiff in error.

J. Bernard Smith and R. Emmett Stewart, for defendants in error.

WELCH, J.   This is an appeal from a judgment and order of the Court of Tax Review, entered into on the 16th day of November, 1934.   The record of the case contains the protest filed by the defendants in error against levies made by plaintiff in error for county highway, free Oklahoma State Fair fund of Muskogee county, and farm and home demonstration fund purposes.

Although the protest was divided into three causes of action, the only proposition presented to the Court of Tax Review and urged by defendants in error before this court was his general proposition that the separate schools of Muskogee county, in addition to the two-mill levy made for that purpose, needed or were entitled to a portion of the five mills which the excise board had allocated for all county purposes, and that since the separate schools had not been granted a portion of this five-mill levy, the three levies, to wit, county highway, free fair, and farm and home demonstration fund which had been made immediately following a four-mill levy for county general fund purposes, were illegal and void.   The other propositions presented in the protest were not urged before the Court of Tax Review and were evidently abandoned.

At the conclusion of the trial the Court of Tax Review made its findings and rendered judgment.   That court did not find that either of the three appporpriations, or the levies made therefor, were in any manner illegal as to amount or purpose, nor that the aggregate appropriations, and levies made therefor, were in any manner illegal. But the members of that court were of the opinion that the full estimate made for separate schools should have been allowed, and that some appropriation should have been made for that purpose and included within the five-mill levy; or to state it differently, were of the opinion that the separate schools should have received a portion of the five-mill levy prior to the making of any levy for county highway, free fair, and farm and home demonstration work.   So that court ordered in its judgment that the excise board should reconvene and make a reallocation of .875 mill out of the county fund

to and for the separate schools of the county. The judgment contains no findings as to the legality or illegality of any appropriation or levy made by the excise board.

The chief question for our determination, and one decisive of the case, is whether the Court of Tax Review has the jurisdiction and authority to grant such relief or to enter such judgment.

The protestant contends for such authority, while the county contends that the power and jurisdiction of that court is only to hear and determine protests against alleged illegal levies, and that such court is without power to grant any relief as in mandamus, or to require the making of any appropriation or levy not theretofore made.

The Court of Tax Review is a special tribunal created by the provisions of article 2, chapter 66, O. S. 1931 (sections 12305-12315). By that chapter that court is created, and its duties, authority, and jurisdiction are prescribed in detail. That chapter also operates to limit the authority and jurisdiction of that tribunal. So that, within the field of operation of that chapter, the authority and jurisdiction of that tribunal is exclusive. However, that tribunal was created for the special purposes set out in that chapter, and outside of the field of operation of that act, that court has no jurisdiction or authority whatever.

The act specifical'y provides for the filing of budgets, for the inspection thereof by taxpayers "for the purpose of checking same for illegalities in the levies made," and pro vides for the filing of a protest "against any alleged illegality of any levy." and that such protests "shall specify the said alleged illegal levy and the grounds upon which the said alleged illegalities are based." The act provides that "no pleadings by the county shall be required, and the cause shall be deemed at issue upon the filing of such protest." The act further provides, in substance, that said court shall hear and determine all protests and render its decision in writing, and that after the same has become final such decision shall be transmitted to the county clerk, county assessor, and county treasurer of the affected county, whose duty it shall be to correct the appropriations and tax rolls; it being intended that the written decision of the Court of Tax Review should point out specifically, in words and figures, the exact illegality determined as to any levy, so that the named county officers could make complete correction on the tax records by calculation.

The specific duty, authority, and jurisdiction of the Court of Tax Review is thereby made clear. There is nothing in the act indicating the slightest intent to clothe that special court with authority in mandamus actions. The provisions for that special court, as to pleadings and trial and decision. preclude that court from any jurisdiction or authority to entertain a cause of action in mandamus, or to hear and dispose of the same.

This exact question is here for the first time, but we did discuss generally the duty and authority of the Court of Tax Review in Protest of Downing, 164 Okla. 181, 23 P. (2d) 173.

This court in three prior decisions considered attempts to present to the Court of Tax Review matters not included within the jurisdiction of that court, and in each case such jurisdiction was held limited to the provisions of the act above referred to. See Protest of First National Bank of Guthrie, 136 Okla. 141, 276 P. 766; In re Gibbons et al., 142 Okla. 180, 286 P. 318, and Protest of American National Bank of Enid, 143 Okla. 115, 287 P. 1043.

Protestant has directed our attention to six cases, and we have considered them: Board of Education of City of Guthrie v. Excise Board of Logan County et al., 86 Okla. 24, 206 P. 517; Simmons v. Stuckey, 113 Okla. 200, 241 P. 124; Adjustment Realty Company v. Excise Board of Muskogee County, 141 Okla. 130, 284 P. 27; Protest of Wilhite, 150 Okla. 29, 300 P. 779; Hull v. Board of Education of City of Bartlesville, 150 Okla. 30, 300 P. 775; Protest of Kansas City Southern Ry. Co., 157 Okla. 246, 11 P. (2d) 500.

They are for the most part not in point here. In those decisions we did discuss the duty of making appropriations for schools, including separate schools. and discussion will there be noted as to the right to compel the performance of duties by mandamus in a proper proceeding, but there is nothing in those decisions giving any indication that such relief could be accorded by the Court of Tax Review. Quite the contrary is indicated. In the Adjustment Realty Company Case, supra, there was a contention for an increased or additional appropriation for separate schools, as, in substance, is the ultimate relief here sought, and in that case it was said. in effect, that such question could not be presented in a tax protest before the Court of Tax Review, nor such relief granted by that court.

There is no question but that the excise board of the county may in a proper case be subject to mandamus, but the action therefor must be maintained in a court of competent jurisdiction. We do not here hold that protestant, on the facts, was or was not entitled to mandamus as against the excise board. That is not properly before us. It is sufficient to say that such matter could not be presented in a tax protest proceeding, nor determined by the Court of Tax Review for lack of jurisdiction.

In the creation of the Court of Tax Review the Legislature indicated no intent whatever to remove such jurisdiction from the local district court to the special Court of Tax Review, nor in such matters to give the Court of Tax Review concurrent jurisdiction with the district courts. We think it clear that the Court of Tax Review has exclusive jurisdiction within its special field, but no jurisdiction or authority outside that special field.

The Court of Tax Review was in error in rendering its judgment and issuing its order herein, and that judgment must be reversed. The Court of Tax Review found no illegality in either of the three levies protested, nor is any such illegality shown in the record. The protest under consideration should therefore have been denied.

The judgment is reversed and the cause remanded, with directions that the protest be in all respects denied.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. BAYLESS, J., absent.