In re **PROTESTS OF 1988–1989 BUDGETS OF CITY OF DEL CITY, Oklahoma; City of Tulsa, Oklahoma; City of Norman, Oklahoma; City of McAlester, Oklahoma; and Town Fairmont, Oklahoma.**

**Larry GOOCH, Appellant,**

v.

**CITY OF DEL CITY, Oklahoma, Appellee.**

**No. 72803.**

Court of Appeals of Oklahoma, Division No. 1.

May 14, 1991.

Richard A. Mildren, Oklahoma City, for appellant.

Sherry Blankenship, Oklahoma City, for appellee.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

The Court of Tax Review held a consolidated hearing on the question of its jurisdiction over taxpayer protests alleging illegalities in the budgets of various cities and towns in the State of Oklahoma, and found its jurisdiction was limited to hearing protests concerning illegal tax levies. Since none of the protests involved such allegations, the Court dismissed the cases before it for lack of jurisdiction. Appellant Larry Gooch, who filed a protest against the budget of the City of Del City, Oklahoma appeals from that order. It is undisputed Gooch's protest alleges no illegal tax levy but alleges illegality of the 1988–1989 Del City budget.

Gooch filed his protest pursuant to the Municipal Budget Act, 11 O.S.Supp.1979 § 17–201 et seq. Specifically, Gooch argues § 17–210 of that Act authorizes the Court of Tax Review to hear protests filed under that section. In pertinent part, the section provides:

> "Within fifteen (15) days after the filing of any municipal budget with the State Auditor and Inspector, any taxpayer may file a protest against any alleged illegality of the Budget in the manner provided by this section and Sections 24104 through 24111 of Title 68 of the Oklahoma Statutes."

Sections 24104 through 24111 of Title 68 of the Oklahoma Statutes provide for filing of protests of illegal tax levies and for their hearing before the Court of Tax Review. Gooch contends this language expanded the Court of Tax Review's historical role of determining only protests of illegal tax levies. *See Muskogee County Excise Board v. Stubbs*, 172 Okl. 435, 45 P.2d 721 (1935).

Were the language of 68 O.S. § 24104, which defines the Court of Tax Review's jurisdiction, the same in 1988 as when 11

O.S.1979 Supp. § 17–210 was adopted in 1979, we might agree. Prior to amendment in 1980, 68 O.S.1971 § 24104 required the Court of Tax Review to "hear all protests which shall have been filed". The language of § 24104 did not limit the Court's jurisdiction to protests of illegal levies. Such a limitation resulted from 68 O.S.1971 § 24103, and its predecessors, which limited "protests" to allegations of illegal levies. When the Legislature allowed taxpayers to protest "any alleged illegality" in a municipal budget in adopting 11 O.S.1979 § 17–210, it may have intended such protests be heard by the Court of Tax Review.

However, in 1980, the Legislature amended § 24104 and specifically limited the jurisdiction of the Court of Tax Review to hearing "properly filed protests against alleged illegal levies". 68 O.S.1981 § 24104. With the adoption of the 1980 amendment, the Legislature clearly expressed its will that the Court of Tax Review's jurisdiction be limited to protests involving allegations of illegal tax levies. The Court of Tax Review correctly concluded its jurisdiction did not extend to Gooch's protest which did not allege the illegality of any tax levy.

AFFIRMED.

BAILEY and HANSEN, JJ., concur.