## CONSOLIDATED SCHOOL DIST. NO. 2 v. ARLINGTON SCHOOL SUPPLY CO.

No. 19968. Opinion Filed May 5, 1931.

Hall & Thompson and Roberts & Clark, for plaintiff in error.

Carey Caldwell, for defendant in error.

HEFNER, J. This is an action originally brought in the district court of Craig county by Arlington School Supply Company against consolidated school district No. 2, Craig county, Okla., to recover upon a contract for the purchase price of certain automobile bus bodies sold and delivered by plaintiff to defendant. These bodies were placed on chassis of automobile buses and were used by the district in conveying pupils to and from school.

The school district defended on the ground that the contract sued on was void. Trial was to the court, resulting in a judgment in favor of plaintiff.

Defendant seeks to reverse the judgment on the ground that it is contrary to law and not sustained by the evidence. The evidence discloses that the defendant school district was a newly organized consolidated district; that it had no vehicles for the transportation of its pupils; that in order to provide funds for such transportation it filed its estimate with the excise board asking $3,-600 for that purpose. Before the estimate was finally approved the school district board entered into a contract for these bus bodies. Contract was dated August 15, 1922. On September 8, 1922, the excise board approved an estimate for the school district in the sum of $2,700 for the transportation of pupils. The bodies were shipped by plaintiff to defendant in October, 1922, and defendant has used them since that time. It is the contention of the defendant that the contract is void for the reason that it was entered into prior to the time the estimate for that purpose was allowed and approved by the excise board. We cannot agree with this contention. In the case of Union School District No. 1, Kay County, v. Foster Lbr. Co., 142 Okla. 260, 286 Pac. 774, this court announced the following rule:

"A contract by a municipality for the purchase of materials, entered into after the beginning of the fiscal year, is not violative of section 26, art. 10, of the Constitution, or Comp. Stat. 1921, sec. 8638, upon the sole ground that at the time the contract was entered into and the materials furnished pursuant thereto, no appropriation therefor had been made by the excise board to pay for the material: provided, that thereafter, and during the fiscal year, an estimate is made and approved by the proper officers, and an appropriation is made to create a fund to meet the conditions of said contract and pay for the material."

The contract was entered into after the beginning of the fiscal year. The appropriation was allowed during the fiscal year. The mere fact that the contract was entered into prior to the approval of the estimate by the excise board does not render it void.

Defendant further contends that the appropriation was exhausted at the time the contract was entered into, and that plaintiff cannot, for this reason, recover. The evidence is against it on this contention. The record discloses that no indebtedness was created against this estimate at the time the contract was entered into. It is true the appropriation was exhausted at the time plaintiff's claim was presented for allowance. Bills contracted against the appropriation subsequent to the execution of the contract sued on were paid, thus exhausting the fund. The fact that this fund was so exhausted does not render plaintiff's contract void. Buxton & Skinner Stationery Co. v. Board of Com'rs of Craig County, 53 Okla. 65, 155 Pac. 215; Town of Covington v. Antrim Lumber Co., 123 Okla. 129, 252 Pac. 50. The contention that the judgment is not supported by the evidence cannot be sustained. There is some conflict in the evidence, and we cannot weigh it. This was a matter exclusively within the province of the trial court. It found the issues in favor of plaintiff. The evidence sustains this finding.

Judgment is affirmed.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.