## STATE ex rel. ROLAND et al. v. BOARD of COM'RS of CARTER COUNTY et al.

No. 21043. Opinion Filed Sept. 6, 1932.

Withdrawn, Corrected, Refiled, and Rehearing Denied Nov. 22, 1932.

Sigler & Jackson, for plaintiffs in error.

W. R. Withington, for defendants in error.

RILEY, J. This action was brought by taxpayers against members of the board of county commissioners of Carter county and Clarence L. Boyd Company, as provided by sections 8590, 8591 C. O. S. 1921 [O. S. 1931, secs. 5964, 5965] The basis of the action is allowance of claim No. 545, on October 4, 1928, and payment of it on October 13, 1928.

It was filed July 31, 1928. Likewise, allowance of claim No. 325, which was filed, allowed, and paid on the date as claim No. 545. These claims were in amounts of $1,967.25 and $589, respectively.

The taxpayers urge that the claims are and were at date of allowance illegal and void for the reason that at the time of incurring the indebtedness represented thereby no funds were available to pay same. Said claims were for property and supplies furnished for the fiscal year 1928-29, but prior to approval by the excise board of the estimate for that fiscal year, and as a consequence there were no funds available to pay the claims at the time the supplies were furnished.

Plaintiffs offered evidence to show that the estimate of Carter county for the fiscal year 1928-29 was approved on September 12, 1928, and admission was made by defendants that warrants were issued paying the claims in question on October 13, 1928. Judgment below was for defendants. Plaintiffs appeal.

The question here involved is one of ratification. It was settled in Union School District No. 1, Kay County, v. Foster Lbr. Co., 142 Okla. 260, 286 P. 774.

The contention was settled adversely to plaintiffs in error's contention in Consolidated School Dist. No. 2 v. Arlington School Supply Co., 148 Okla. 299, 298 P. 1052 (May 5, 1931).

Judgment affirmed.

LESTER, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and SWINDALL, J., absent.