## WESTERN PAINT & CHEMICAL CO. v. BOARD OF COM'RS OF WASHINGTON COUNTY.

No. 25248.    March 12, 1935.

Rehearing Denied April 2, 1935.

A. O. Harrison, for plaintiff in error.

W. F. Hurt and P. A. Sompayrac, for defendant in error.

RILEY, J. The plaintiff in error, as plaintiff below, sought in this action to recover on a purported contract alleged to have been made with defendant, board of county commissioners of Washington county, on July 1, 1929, whereby plaintiff undertook and did scale and paint eleven bridges within said county.

There were eleven causes of action, each being for less than $200, the total being in the sum of $1,300.

Oral contracts were relied upon.

The rate of pay relied upon for the work performed and materials furnished was $1.85 per lineal foot.

A demurrer to the petition was overruled, and defendant answered, denying the existence of the contracts and pleading that no purchase order was ever issued as required by law; that the appropriation had been exhausted when plaintiff filed its claim; that no appropriation existed upon which to base the purported contracts at the time they were alleged to have been made, and that no subsequent appropriation was made to ratify the contracts; that the purported contracts were invalid for failure to comply with section 10358, O. S. 1931, relating to competitive bidding and notice therefor.

The reply was a general denial, and judgment was rendered for defendant and based upon findings by the court that: (1) No minutes or records were made of the contract alleged to have been entered into between plaintiff and defendant. (2) The appropriation out of which the contract might have been paid was exhausted before the claims of plaintiff were presented for payment, and other irregularities in the making and executing of said contracts.

It is well settled in this jurisdiction that a board of county commissioners can only contract so as to bind the county while sitting as a board. Western Paint & Chem. Co. v. Board of Com'rs, 161 Okla. 300, 18 P. (2d) 888; Board of Co. Com'rs v. Anderson, 167 Okla. 253, 29 P. (2d) 75. However, we are not prepared to hold, in the absence of a statute so providing, that a condition precedent to validity of such a board's action, otherwise valid, is a written record. The statutes relating to such records do not require recording as a condition of validity. Sections 7654, 7699, 7700, O. S. 1931; Gilmer v. School District No. 26, Noble Co., 41 Okla. 12, 136 P. 1086; Rock Creek Twp. v. Codding (Kan.) 22 P. 741; State ex rel. v. Madison St. Bk. (Mont.) 251 P. 548; State ex rel. Minner v. Rural High School, etc., (Kan.) 280 P. 892; Green et al. v. Lancaster Co. (Neb.) 85 N. W. 439; Brooks v. Frio Co. (Tex. Civ. App.) 28 S. W. (2d) 1107; Hearne v. Stanley Co. et al. (N. C.) 123 S. E. 641; 15 C. J. 468; U. S. v. Fillebrown, 7 Pet. 28, 8 L. Ed. 596.

In the case of City of Charlotte v. Alexander (N. C.) 92 S. E. 384, L. R. A. 1917F, 493, the following is quoted from 8 Enc. Ev. 833:

" 'Where it is sought to prove a contract existing between a municipal corporation and a private person, the fact that the mu-

nicipal authorities have failed to keep a proper record does not prevent proof of such contract by any competent evidence, notwithstanding the fact that the law requires them to keep a complete record of their official proceedings in a proper book.' "

Would the fact that the appropriation was exhausted, out of which the contract might have been paid, before the claims of plaintiff were presented for payment invalidate the claims?

Consolidated School District No. 2 v. Arlington School Supply Co., 148 Okla. 299, 298 P. 1052, held in the negative in the following language:

"After a contract for the sale of material is entered into with a consolidated school district in accordance with the requirements of law, it will not be invalidated by subsequent exhaustion of the funds provided by the school district to pay the materials contracted for."

The contract there made was in the year 1922. The requirements of law were less stringent then than in the case at bar, wherein the alleged contracts were said to have been made on July 1, 1929, four years after the passage of more stringent legislation. (Chapter 49, S. L. 1925, p. 77.) Nor is the decision in the case of Board of Com'rs of Carter Co. v. Landrum, 163 Okla. 199, 21 P. (2d) 736, decisive of the issue here. And as to a contract wholly at the mercy or will of the school board, see Union School Dist. No. 1 v. Foster Lbr. Co., 142 Okla. 260, 286 P. 774; State ex rel. Roland v. Board of Co. Com'rs, Carter Co., 160 Okla. 276, 16 P. (2d) 104.

No advantage can be gained by entering into a contract with a public agency before an appropriation is completed with which to pay the contract. To the contrary, whosoever acts does so at his peril, and the rigors of his particular hazard are dependent on an appropriation being made and remaining intact until the contract is ratified under all the requirements of the law.

One requirement of law is that provided by chapter 49, S. L. 1925, entailing that the contract shall be submitted "to the officer charged with keeping the appropriation and expenditure record of the county, * * * who shall, if there be an unincumbered balance in the appropriation made for that purpose

by the excise board, so certify by signing * * * the contract."

The act of the Legislature further declares:

"No * * * contract * * * shall be valid unless within the appropriation as made for that particular and specific purpose and so certified by the officer charged with keeping the appropriation and expenditure record of the county or municipality."

That was wholesome legislation designed to prevent the very thing here presented, i. e., a dual contract in value against a single sum appropriated and a resulting payment of one contract by warrants and the other by judgment.

It is true that section 5 of the act is unconstitutional as decided in Walker-Taylor Co. v. Board of Com'rs of Oklahoma Co., 125 Okla. 226, 257 P. 324, but it is not true that "all other matters mentioned in said act are merely incidental to section 5 thereof." The quoted words undoubtedly are obiter dictum, for, as disclosed by prior words in the opinion, "* * * it is our duty and purpose to determine only the question as to whether section 5 of said act was passed in compliance with section 57, art. 5, of the Constitution of the state of Oklahoma." See Board of Com'rs of Carter County v. Landrum, 163 Okla. 199, at p. 202, 21 P. (2d) 736, wherein this court considered all other sections of the act valid. Moreover, the subsequent action of the Legislature repealing chapter 49, S. L. 1925, but re-enacting virtually all provisions of the former act vital to the issues here involved, as well as that feature of the act previously incorporated in the title to the act, indicates the intent of the Legislature to eliminate as basis for judgments against the county and municipal subdivisions the dissipation and exhaustion of funds appropriated to liquidate contracts.

There is no need to consider the necessity of competitive bids for the letting of such a contract for repair work to a bridge or culvert when the amount involved is in excess of $500 (section 10358, O. S. 1931), or other contentions.

Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.