## BOARD OF COM'RS OF OSAGE COUNTY et al. v. PRENTICE.

No. 28312.   Oct. 18, 1938.

Sim T. Carman, County Atty., for plaintiffs in error.

Paul N. Humphrey, for defendant in error.

WELCH, J.   The trial court granted the writ of mandamus to compel the board of county commissioners to take appropriate action in the matter of requesting a supplemental appropriation of the excise board for the payment of publication fees for printing the notice of sale of real property for delinquent taxes pursuant to section 12741, O. S. 1931, 68 Okla. St. Ann. sec. 382, and from that judgment the board has appealed.

The essential facts are that soon after the beginning of the fiscal year involved, the board made their estimate, and request for appropriation of $700 for this purpose, and in due time such estimate was approved and the appropriation was finally made of that sum for such purpose. Meanwhile the time had arrived in the month of October when it became the duty of the county treasurer, under the above section of the statute, to give notice of the annual sale for delinquent taxes, and for publication of such notice in a legal newspaper in the county. The county commissioners having failed to designate the paper to make such publica-

tion, the county treasurer, pursuant to such section of the statute, selected the newspaper and gave the notice to Prentice, publishing the Osage County News, for publication; the publication of the notice was duly made and the fee therefor, calculated pursuant to said section of the statute, amounted to the aggregate sum of $966.40. The claim for publication fees was presented in two claims, one for $700, which equaled the total amount of the appropriation and was paid, and one claim for the balance of the fee in the sum of $266.40, which could not then be paid for insufficiency or lack of appropriation.

Thereafter, towards the end of the fiscal year, the board took proper steps for the making of general supplemental appropriations for various county purposes, under section 12680, O. S. 1931, 68 Okla. St. Ann. sec. 292, and found, and the record shows, that there existed a surplus subject to being supplementally appropriated in the sum of $7,823.82, with general county needs to be cared for by supplemental appropriations in the sum of $7,159.46, thus leaving the sum of $664.36 of surplus subject to being supplementally appropriated, but not required for any of the other general county needs.

Thereupon the plaintiff, not being able otherwise to get a request made to the excise board for a supplemental appropriation to augment the insufficient appropriation theretofore made for this publication fee, instituted this action for mandamus in the district court.

Upon trial the court found all of the foregoing facts, and found that the charge for this publication was proper and correct in amount; that it was the plain duty of the board to make proper and ample provision for payment of the proper charge for publishing this notice, and that with ample surplus on hand which could be readily applied thereto, it was the plain duty of the board to request supplemental appropriation in the sum of $266.40 for such purpose.

In the recent case of State ex rel. St. L.-S. F. Ry. Co. v. Boyett, 183 Okla. 49, 80 P.2d 201, we held that it was the mandatory duty of the taxing officials to provide appropriations for payment of fees for publication of tax resale notices, and that such officials exercised no discretion except to ascertain the necessary amount thereof. Such holding was based upon the theory that the collection of taxes is essential to the exercise of government, and that the laws, requiring certain acts to be performed by public officials as a vital step in the enforced collection of taxes, are mandatory. The publication of the notice of annual sale for delinquent taxes is a function as necessary in the process of such collection as is the publication of the notice of resale. We have no doubt that the law imposes upon the taxing officials here the duty of providing a sufficient appropriation to insure the functioning of the law which requires the treasurer to publish this notice.

It is urged herein, however, that section 12680, O. S. 1931, 68 Okla. St. Ann. sec. 292, which provides for supplemental appropriations, leaves the making of such supplemental appropriations in the discretion of the governing board and the excise board in that it provides that same "may" be made, and then only when such board finds that the public welfare and the needs of the county or the interest of the public require. Defendants assert that the governing board made no such finding here as to this item. In that connection it seems apparent that the mandatory provisions of the statutes, in such a matter as we have here, sufficiently determine the public requirements in this regard. The argument may have merit as relates to proposed expenditures which the board in its discretion may make or decide not to make, but certainly not such merit as to expenditures and purposes mandatory by law, as the item here involved.

It is further urged that the plaintiff's contract was in excess of the appropriations and that as to the county it was void as to such excess, citing Board of Com'rs of McCurtain County v. Western Bank & Office Supply Co., 122 Okla. 244, 254 P. 741. In that case no appropriation had been made out of which the claim could have been paid, and that was a suit to recover a money judgment in excess of all appropriation, and as tested by that purpose the claim therein was declared void and not sufficient to justify a money judgment against the county because no appropriation had ever been made. To the same effect is Graves v. Board of Commissioners, Cimarron County, 170 Okla. 282, 39 P.2d 532, involving a claim for publication fees such as this. This court has consistently refused to render a money judgment in a great many of such cases, and the law in that regard is well established.

If a contrary decision had been reached in the McCurtain County and Graves Cases above cited, the result would have been the validating of expenditures in excess of the

544

revenues provided and appropriated for current expense for the fiscal years involved. No such result follows the granting of the relief here sought. On the contrary, the granting of the relief here sought, and the affirming of the trial court, results in the proper application of revenues and funds of this fiscal year to the payment of the legal charge and legal expense of the performance of a mandatory action.

Here plaintiff's contract was not void merely because at the time he received the notice from the treasurer and published the same, no sufficient appropriation therefor had been made and completed. At the time the contract was entered into the same was "conditionally void," or voidable. Union School Dist. No. 1, Kay County, v. Foster Lbr. Co., 142 Okla. 260, 286 P. 774; Kansas City Southern Ry. Co. et al. v. Germo Mfg. Co. et al., 173 Okla. 497, 49 P.2d 158; State ex rel. Roland et al. v. Board of Com'rs of Carter County et al., 160 Okla. 276, 16 P.2d 104; Protest of Gulf Pipe Line Co., Seminole County, et al. v. Gulf Pipe Line Co., 168 Okla. 136, 32 P.2d 42, and Western Paint & Chemical Co. v. Board of Com'rs of Washington County, 171 Okla. 302, 42 P.2d 533. For contracts with counties which are dependent upon subsequent events or actions for their validity, see, also, State v. Board of Com'rs of LeFlore County, 177 Okla. 470, 60 P.2d 788. In the cases relied upon by defendants the contracts or claims were held invalid because no appropriation was ever made to pay the same. Here, however, plaintiff does not seek a judgment against the county upon a claim in excess of appropriations. He seeks to compel the performance of a mandatory duty on the part of certain public officials.

Plaintiff contracted with the county treasurer to publish the notice of annual sale for delinquent taxes. The treasurer was the official designated by the statute to procure the publication of same and it was his duty to procure such publication. No specific agreement was made as to the charge to be made for such publication; therefore, the fees fixed by section 1065, O. S. 1931, 28 Okla. St. Ann. sec. 121, supra, is the proper basis upon which to calculate the amount to be charged. Plaintiff relied upon the proper performance of mandatory duties by the governing body of the county, and relied upon the excise board in appropriating funds for the purpose of publishing the tax list. He had the legal right to expect the performance of such duties.

It is true the plaintiff undertook the publication at the peril of collecting no more than the amount theretofore appropriated or estimated. His contract was not void. It was subject to be avoided or defeated in part if no sufficient appropriation was or could be made. On the other hand, it was subject to full validity in case of sufficient appropriation to cover it in full, that is, the payment of his bill depended upon a sufficient legal appropriation of that fiscal year's funds to cover it. That bill could be legally paid from a supplemental appropriation as well as from an original appropriation.

It was the plain duty of the board at the commencement of the fiscal year to provide adequately for this purpose. Failing, however, to adequately estimate and provide for this item in the original appropriation, then it was the plain duty of the board to augment or increase the appropriation for that purpose by supplemental appropriation, when they could do so thereafter in the same fiscal year from an actual surplus on hand, such as is clearly shown to exist here.

When the trial court found from the undisputed facts that this supplemental appropriation could be made from a clear surplus, and that it was the plain duty of the board to request the same, it followed that the action of the board in failing and refusing to do so was in law an arbitrary action subject to correction by mandamus. Under the facts here shown, the requesting of this supplemental appropriation of the excise board was a plain legal duty, requiring the exercise of no discretion, and the trial court was therefore wholly justified in granting mandamus.

Judgment affirmed.

BAYLESS, V. C. J., and GIBSON, HURST, and DAVISON, JJ., concur. OSBORN, O. J., and RILEY and CORN. JJ., dissent. PHELPS, J., absent.