SMITH, County Assessor, v. BOARD OF COUNTY COM'RS OF OKLAHOMA COUNTY et al.

No. 34161.  June 22, 1949.

As Corrected July 16, 1949.

Rehearing Denied and Concurring Opinion Filed July 19, 1949.

*208 P. 2d 177.*

Byrne A. Bowman, of Oklahoma City, for plaintiff.

Granville Scanland, Co. Atty., and Nathan S. Sherman, Asst. Co. Atty., both of Oklahoma City, for defendants.

O'NEAL, J. This is an original action in this court by Cragin Smith, county assessor of Oklahoma county, Okla., against the board of county commissioners of Oklahoma county and the members thereof individually, for a writ of mandamus commanding and directing the board of county commissioners of said county, and the members thereof, to make a further and supplemental appropriation out of the unencumbered surplus revenue on hand for the present fiscal year to provide said county assessor the sum of $2,500 for travel expenses and the sum of $2,500 for supplies, in order to enable the county assessor to perform the mandatory duties enjoined upon him by the provisions of 68 O. S. A. 1947 Supp. §15.17, and directing and commanding said excise board, and the members thereof, to immediately approve such supplemental appropriation.

This court has assumed original jurisdiction in this matter, and on June 7, 1949, issued an alternative writ commanding said board of county commissioners, and the members thereof, immediately after receipt of the writ, to make a supplemental appropriation to said county assessor's office of $2,-500 for traveling expenses and the further sum of $2,500 for supplies for said county assessor's office, or show cause for their failure so to do within two days.

Plaintiff, in his application for the writ, sets out with particularity the need for said additional or supplemental appropriation so as to enable him to do and perform the duties required of him by 68 O. S. A. 1947 Supp. §§15.17 and 15.19. He alleged timely request for said supplemental appropriation, and the refusal of the board to make the same, and further alleged that said county on June 1, 1949, had, and has, unencumbered surplus funds on hand of $60,000 available for such purposes, and that the refusal of said supplemental appropriation is arbitrary and capricious.

Plaintiff further alleged that theretofore, on May 18, 1949, the district court of Oklahoma county issued an alternative writ commanding the appropriation requested and the approval thereof, or cause to be shown for the refusal thereof; that thereafter, on June 2, 1949, the district court heard evi-

dence and after the hearing discharged the writ.

Defendants filed their answer to the alternative writ in which they admitted that plaintiff is the duly elected, qualified and acting county assessor of said county, and that the individuals named in the petition constitute the board of county commissioners of said county and the excise board of said county, respectively. They further allege that at the beginning of the fiscal year 1948-1949, plaintiff submitted his budget and request to the board of county commissioners, requesting an appropriation for travel in the sum of $5,000 and an appropriation for supplies in the sum of $16,250, and that the defendant, board of county commissioners, gave due and careful consideration to all the facts and circumstances concerning said request and the operation and conduct of the duties of plaintiff and his office, and, as a result, reduced and submitted to the excise board a request for an appropriation for the two items as follows: Travel: $3,000. Supplies: $15,000; that said appropriations, as requested by the board of county commissioners, were approved by the excise board; that defendants have not failed, refused or neglected to make adequate appropriations for supplies and traveling expenses to said office of the county assessor for the fiscal year 1948-1949; that plaintiff took no legal action subsequent to said appropriation and the approval thereof in said sums and he is therefore estopped from asserting or claiming that said sums so approved were not adequate and not sufficient for the items involved.

Defendants further allege that the granting of approval of supplemental appropriations is solely within the discretion of the board of county commissioners. Defendants then allege:

"That it is not known the amount of unencumbered surplus available but there are sufficient surplus funds on hand to provide for the items requested by plaintiff."

Defendants further allege that 68 O. S. A. 1947 Supp. §§15.17 and 15.19 are unconstitutional and in violation of the letter and intent of article 4, §1 and article 10, §20 of the State Constitution, and, finally, defendants allege:

"That plaintiff instituted mandamus proceedings in the District Court of Oklahoma County, Case No. 120473, seeking identical relief as sought herein, thereby making an Election of forum and remedy. That on the 2nd day of June, 1949, the Honorable Baker H. Melone, Judge of the District Court of Oklahoma County, after a hearing on the merits, found all the issues involved in favor of these defendants and discharged the alternative writ of mandamus previously issued. On the 6th day of June, 1949, plaintiff herein filed a motion for new trial in said cause. That said cause is now pending in the District Court of Oklahoma County on said motion filed by this petitioner, and that plaintiff has not exhausted his remedy in the court below. That defendants again respectfully submit that the Supreme Court should not entertain jurisdiction to issue an alternative writ."

The question presented is: Was it the plain legal duty of the board of county commissioners to make the supplemental appropriations of $2,500 for traveling expenses and $2,500 for supplies for the county assessor's office for the remainder of the fiscal year 1948-1949?

The controversy as to the $2,500 for traveling expenses grows out of the requirements of 68 O. S. A. 1941 §15.17, as amended by section 3, Title 68, chapter 1A, 1947 Session Laws and O. S. 1941, §15.19, as amended by chapter 1d, Title 68, Session Laws 1945, and as further amended, section 4, chapter 1A, Title 68, Session Laws of 1947 (68 O. S. A. 1947 Supp. §15.19).

68 O. S. A. 1947 Supp. §15.17, supra, provides:

"Immediately after the effective date of this Act, each County Assessor shall proceed to prepare, build and maintain permanent records containing the following information.

"(a) The classification, grade and value of each tract of land located outside cities and towns and platted subdivisions and additions.

"(b) The description and value of all improvements on land located outside cities and towns and platted subdivisions and additions.

"(c) The description and value of all lots and tracts, and the improvements thereon, in all cities and towns and platted subdivisions and additions.

". . . When the valuation of the real estate of each county has been completed, as contemplated and required by this Section, it shall be the mandatory duty of the County Assessor and each of his successors in office, to continuously maintain, revise and correct the records relating thereto, and to continuously adjust and correct assessed valuations in conformity therewith."

Said section further provides:

"Each County Assessor shall ask in his budget request for 1947-48 and each year thereafter, sufficient funds to carry out the provisions of this section, and it shall be the mandatory duty of the Board of County Commissioners and County Excise Board each year to make sufficient appropriations to enable the County Assessor to perform the duties required of him by this Section. If any Board of County Commissioners or County Excise Board fail, neglects, or refuses, upon written request of the County Assessor to provide adequate appropriations for supplies, deputy hire and traveling expenses for the performance of the duties imposed upon the County Assessor by this Section, such appropriations may be obtained by mandamus action instituted in the District Court by the County Assessor, or any taxpayer of the County."

68 O. S. A. 1947 Supp. §15.19 provides:

"Each County Assessor shall be allowed such regular or special deputies as may be necessary to perform the duties of such County Assessor. The number of deputies and the salary or compensation of each deputy shall be fixed by the Assessor, with the approval of the Board of County Commissioners. It shall be the mandatory duty of the Board of County Commissioners to allow the County Assessor sufficient deputies at salaries large enough to enable the Assessor to secure competent help so that he will be able to perform the duties required of him by law in an efficient manner. If the Board of County Commissioners fails to allow sufficient deputies at such salaries, the same may be obtained by mandamus action instituted in the District Court by the County Assessor, or any taxpayer of the County. The County Assessor and his deputies shall be entitled to reimbursement from the county, upon the filing of a proper verified claim therefor, for all traveling expenses incurred in the performance of their duties. Such traveling expense shall include meals and lodging when such expenses are incurred away from the city or town which is the county-seat, and shall include transportation. If such Assessor or deputy uses his own car he will receive for the use of such car six cents (6c) per mile for each mile actually and necessarily traveled in the performance of his duties. The County Assessor and one or more deputies shall be entitled to be reimbursed for actual and necessary expenses incurred by them in attending short course schools and institutes conducted by the Oklahoma Tax Commission in cooperation with any State educational institution and/or the County Assessor's Association, in attending conferences called by the Oklahoma Tax Commission, and in attending State and District meetings of County Assessors when the presence of such Assessors and deputies is requested or required by the Oklahoma Tax Commission. It shall be the mandatory duty of County Assessors and/or one or more of their deputies to attend any such school, institute, conference, or meeting when directed by the Oklahoma Tax Commission unless excused for good cause by the Tax Commission. It shall be the mandatory duty of the Board of County Commissioners and the County Excise Board to make provision for sufficient supplies and equipment, deputy hire and traveling expenses for the County Assessor to enable him to carry out the purpose and intent of this Act."

The record shows timely request in writing by plaintiff for the supplemental appropriation of $2,500 for traveling expenses and the refusal thereof. The record further shows that plaintiff herein commenced an action in the district court of Oklahoma county for a writ of mandamus to compel the allowance and approval of said supplemental appropriations where the matter was heard by the Honorable Baker H. Melone, district judge of said county, resulting in an order denying the writ. It further appears that plaintiff filed his motion for a new trial in said cause, which motion is still pending.

It is here stipulated that the transcript of all testimony taken in the district court, together with all exhibits introduced therein, and a copy of letter dated June 6, 1949, from Cragin Smith to the board of county commissioners requesting supplemental appropriation in the sum of $5,000, may be considered by the court in determination of all the issues involved herein.

It appears that the work and records called for by 68 O. S. A. 1947 Supp. §15.17, supra, have never been completed in Oklahoma county; that the Legislature considered this important and necessary work to be done appears from the wording of the statute with reference to certain duties of county officers being "mandatory."

The number of deputies the county assessor had employed in this work does not appear, but it is shown that the board of county commissioners approved the number of deputies and apparently approved the salary or compensation of each deputy. It further appears that the original appropriation for said fiscal year for salaries in the county assessor's office was insufficient and a supplemental appropriation of $7,500 for that purpose was made and approved. It further appears that for the previous fiscal year an appropriation of $5,000 for traveling expenses was made and the plaintiff in his original budget requested an appropriation in the same amount for the fiscal year 1948-1949 for travel. But that request was reduced by the board of county commissioners to $3,000. The record further shows that the $3,000 appropriation originally made for traveling expenses had been exhausted and completely used up by or before the 1st of May, 1949. The necessity for a supplemental appropriation is apparent; otherwise, the deputies appointed for the work required by said section would be drawing their salaries without any means of transportation to enable them to perform their work except at their own expense. The only excuse for not allowing the supplemental appropriation requested was that the board of county commissioners thought that the $3,000 originally appropriated was ample and sufficient if economically used. The chairman of the board of county commissioners felt that four automobiles were all that was necessary to be used in travel and that two deputies should ride in each of the four automobiles, and, if they did so, $3,000 was ample. However, it is not pointed out or shown wherein the law requires or calls for the deputies to work "in pairs" in the performance of their duties. Plaintiff testified that the number of automobiles actually used and paid for from July to October, 1948, inclusive, was: July—10; August—9; September—10; October—9. That for the month of November, 1948, ten automobiles were used, three were paid for and claims were pending for seven; and that during the month of December, four automobiles were used, none of which were paid for, and the claims therefor were pending; that during the months of January and February, 1949, no automobiles were used; and that during the month of April, 1949, five automobiles were used, and not paid for, and during the month of May, 1949, nine automobiles were used and none of them were paid for, and that claims for the use of all the automobiles used, and not paid for, were pending.

Apparently the reason why the claims pending were not allowed and paid was because the original appropriation of $3,000 had been exhausted. There is no hint, nor claim that excessive or fraudulent claims had been made against the appropriation. In this connection it may be noted that the use of automobiles by the deputies for transportation to enable them to perform their work are not the only traveling expenses that the law provides for. We call attention to that part of the statute which provides:

". . . Such traveling expense shall include meals and lodging when such expenses are incurred away from the city or town which is the county-seat, and shall include transportation. If such Assessor or deputy uses his own car he will receive for the use of such car six cents (6c) per mile for each mile actually and necessarily traveled in the performance of his duties. The County Assessor and one or more deputies shall be entitled to be reimbursed for actual and necessary expenses incurred by them in attending short course schools and institutes conducted by the Oklahoma Tax Commission in co-operation with any State educational institution and/or the County Assessor's Association, in attending conferences . . . ."

However, the record is silent as to whether any part of the original appropriation was used or expended in attendance at any of the schools, institutes, or in attending any of the county assessors' association, or attending conferences called by the Oklahoma Tax Commission, or in attending state and district meetings of county assessors. It is entirely possible that part of the appropriations made have been used for that purpose. If so, it was legitimate.

It thus appears that the preparation and building of the permanent record containing the information required by section 15.17, supra, has not been completed. The county assessor is apparently in good faith in attempting to comply with the law and perform his

statutory duty. Deputies for that purpose have been employed and appropriations and supplemental appropriations have been made to pay their salaries. The appropriation made for their traveling expenses had been exhausted without any claim of fraud or extravagance.

It is admitted in the pleading, and was stipulated in the trial in the district court, that there are ample unencumbered surplus funds on hand out of which the supplemental appropriation may be made. Under the admitted facts, and the uncontradicted evidence, it was the clear legal duty of the board of county commissioners to provide adequate appropriations for supplies, deputy hire and traveling expenses for the performance of the duties imposed upon the county assessor, 68 O. S. A. §§15.16 and 15.17, supra. Upon admission of the defendants that adequate unencumbered funds were on hand, out of which the appropriation requested could be made, it was not only the clear legal duty of the board to provide the appropriation, but it was its "mandatory" duty, made so by the statute.

The district court in rendering its decision said:

"Gentlemen, after considering all of the Exhibits and the testimony in this case. . . ., I have come to the conclusion that the Board of County Commissioners is first charged with the responsibility of exercising the discretion and furnishing necessary funds for the operation of all County offices, including the office of County Assessor. That the evidence in this case is insufficient to show an abuse of that discretion. I think the evidence in this case is just wholly insufficient to indicate that the County Commissioners or the Excise Board have been guilty of any abuse of discretion in arriving at their judgment as to the amount of money necessary to operate this particular office and I am also of the opinion that there is some question as to whether a supplemental appropriation comes within the same Act, as amended by the 1947 Law, making a failure, I think, on the

part of the plaintiff in this case to show his clear right in the issuance of the Writ."

We think that under the record and the law, it was not a case for the exercise of discretion by the board of county commissioners.

It was likewise the duty of the excise board to approve the supplemental appropriation.

In State ex rel. Board of Education of City of Tulsa v. Morley et al., 168 Okla. 259, 34 P. 2d 258, it is held:

"The use of the word 'may' in section 12680, O. S. 1931, does not vest the excise board with power to refuse to make supplemental appropriations where the need therefor is shown to exist; where income and revenue provided or accumulated is available for the purpose for which the appropriations are sought; and where the governing body of a school district has certified its needs therefor, in the manner provided by law to the excise board."

And:

"The excise board is not vested with discretion to determine the necessity for supplemental appropriations of school districts."

What we have said with reference to traveling expenses is applicable to supplemental appropriations for supplies and deputy hire. 68 O. S. A. Supp. §15.17, supra.

It is clear that the plaintiff is entitled to a peremptory writ as prayed for unless some one of the other contentions of defendant are upheld and sufficient to prevent the same.

One of the contentions is that plaintiff has approved claims for traveling expenses when there is no appropriation for the payment of the same. The contention is that to allow and pay these claims would be unlawful. It is quite true that the claims cannot lawfully be paid until there is a valid appropriation out of which they may be paid, but plaintiff is not seeking a writ to require the payment of those claims;

he is seeking an appropriation in order that the claims may be paid.

In Board of County Commissioners of Osage County et al. v. Pentice, 183 Okla. 542, 83 P. 2d 557, it is held:

"A contract to publish notice of sale of real property for delinquent taxes is not void merely because at the time the notice is issued and the publication commenced no sufficient appropriation therefor had been finally made. If a sufficient appropriation therefor may be legally made and completed thereafter in the same fiscal year, then publisher's claim in proper amount may be allowed and legally paid out of the subsequent appropriation so made."

And:

"Where notice of sale of real property for delinquent taxes has been published, mandamus will lie, in proper cases, to compel a supplemental appropriation of funds to pay the publication fee."

In that case it was one of the mandatory duties of the board of county commissioners to request an appropriation of sufficient funds to pay the expense of publishing a notice of sale of real property for delinquent taxes. Under the rule there stated, it is clear that the contention of defendant in this regard cannot be sustained.

Another contention of defendant is that 68 O. S. A. 1947 Supp. §15.17 and §15.19 are unconstitutional. No authorities are cited in support of this contention and it is without merit.

Another contention is that plaintiff is bound by his choice of forum in which to assert his right to the writ and having chosen the district court, he is bound by the decision of that court.

Ordinarily, we would say that plaintiff should be required to abide by the decision of the district court, or appeal to this court.

Assuming that an appeal will lie from said decision in the district court in said proceeding, it is apparent that

plaintiff could not, under the facts and circumstances in this case, obtain any relief whatever by such appeal. The district court made its decision on June 2, 1949.

Under the rules stated, the Board of County Commissioner of Osage County v. Prentice, supra, if supplemental appropriation therefor be legally made and completed in the same fiscal year, that the claims in question may be paid. In other words, if plaintiff is to obtain the relief to which he is entitled, the supplemental appropriation, or at least a final order therefor, should be completed within this fiscal year or before July 1, 1949.

Under the law covering appeals and the time necessarily allowed therefor, plaintiff could not complete his appeal in time for a decision by this court before July 1, 1949, and, therefore, any judgment or order that he might obtain in this court by appeal would be too late.

The general rule is that mandamus will not lie where there is an adequate remedy by appeal or by writ of error. 55 C. J. S. 52. But to prohibit the right to mandamus, the remedy by appeal must be adequate. However, under some circumstances, the existence of a remedy by appeal or error does not bar mandamus and where a statute gives an absolute right to mandamus under certain circumstances, if such circumstances exist, the party is entitled to the right notwithstanding any remedy he might have by appeal. 55 C. J. S. 53. If mandamus is proper, the fact that error might be corrected by an appeal does not defeat the right to mandamus. Osage Oil Co. v. Continental Oil Co. (10 Cir.) 34 Fed. 2d 585.

The rule that the availability of appeal or error bars mandamus does not apply under the particular facts showing that remedy by appeal is not adequate. 55 C. J. S. 53-54.

If a proper case for mandamus is made out, the writ will not be denied because of a remedy by appeal or error where the decision thereof would come too late to grant any relief at all. 55 C. J. S. 54. That rule is applicable to the facts and circumstances in this case.

The fact that an appeal will lie, or that it becomes necessary to review judicial action, is not always an insuperable obstacle to the exercise of power of superintending control by mandamus in this court in a proper case. Such superintending control is conferred upon this court by section 2, art 7 of the Constitution. State v. Kight, 49 Okla. 202, 152 P. 362.

Under the admitted facts and uncontradicted evidence, plaintiff is entitled to the writ as to supplemental appropriation for traveling expenses and for supplies.

We point out that it is not contended that the surplus fund on hand is needed for any other mandatory or urgent county expenditure purpose. Whether such a fact would or would not be of controlling effect if same should be pleaded and relied upon in any case, no such pleading or contention is here made. It was here conceded in oral argument that the county has on hand a surplus of many times the amount here sought to have appropriated.

Let peremptory writ, in accordance with the views herein expressed, issue forthwith.

DAVISON. C. J., and WELCH, GIBSON, LUTTRELL, and JOHNSON, JJ., concur. ARNOLD, V. C. J., concurs in conclusion. CORN and HALLEY, JJ., dissent.

ARNOLD, V. C. J. (specially concurring in conclusion). Certain things not at issue here are discussed in the body of the opinion and some immaterial statements are made which are of questionable soundness. Such discussion and immaterial statements can serve no useful purpose but will be, as already demonstrated, confusing in the future. The controlling facts conclusively established and pertinent prin-

660

ciples of law in this case may be simply stated thus: An appropriation w a s made for the county assessor's office f o r salary, mileage, supplies, etc., to enable him to perform the mandatory duties imposed upon him by 68 O. S. A. 1947 Supp. §15.17; the appropriation was exhausted because of insufficiency or unforeseen conditions; the assessor, as it was his duty to do, requested a supplemental appropriation for the purpose indicated; there existed an unencumbered surplus fund on hand far in excess of the amount requested; there were no other requests for appropriations from said fund for the performance of mandatory governmental functions; the amount requested appeared necessary for the purpose sought; the board of county commissioners and the excise board refused to make an appropriation; said boards under the facts had no discretion in the matter; their refusal to make the appropriation requested was arbitrary. In a mandamus action brought in the district court by the assessor to require the making of the appropriation relief was denied. This court, under the facts stated and the circumstance that sufficient time did not exist in which the assessor could procure the relief sought and entitled by other available remedy, will require said boards to perform their mandatory duty in the premises.

I concur in the conclusion.